454 P.2d 276

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Sam DENNIS, Defendant-Appellant.**

**No. 236.**

Court of Appeals of New Mexico.

April 18, 1969.

Robert W. Ward, Lovington, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Spencer T. King, James V. Noble, Asst. Attys. Gen., for plaintiff-appellee.

## OPINION

OMAN, Judge.

Defendant appeals from his conviction of arson under § 40A–17–5, N.M.S.A.1953 (Repl. Vol. 6, 1964). This section of our statutes provides:

> *Arson.*—Arson consists of the intentional damaging by any explosive substance or setting fire to any bridge, aircraft, watercraft, vehicle, pipeline, utility line, communication line or structure, railway structure, private or public building, dwelling or other structure.

> "Whoever commits arson is guilty of a third degree felony."

Defendant attacks the constitutionality of this act on the ground:

> "* * * THAT IT DOES NOT REQUIRE THE FINDING OF ANY SPECIFIC INTENT, MALICE, INTENT TO DO A WRONGFUL ACT OR AGAINST PUBLIC POLICY OR MORES AND WOULD PERMIT THE CONVICTION OF A PERSON WHO INTENTIONALLY BURNED A BUILDING EVEN THOUGH ACTING WITH COMPLETE HONESTY AND WITH HONORABLE INTENTION."

Section 40A–17–6, N.M.S.A.1953 (Repl. Vol. 6, 1964), which immediately follows the foregoing quoted section, defines aggravated arson and makes it a second degree felony. The only differences between arson and aggravated arson are that in ag-

gravated arson the damaging must be "willful or malicious" and it must cause a person "great bodily harm."

The fact that the Legislature used the word "intentional" in defining arson, and "willful or malicious" in defining aggravated arson, indicates a legislative intent to eliminate the "willful or malicious" state of mind required to constitute arson under our prior statutes [§§ 40-5-1 to 40-5-5, N. M.S.A.1953, being N.M.Laws 1927, ch. 61, ·§§ 1 .to 5], and the "willful and malicious" state of mind required to constitute arson at common law. Ex parte Bramble, 31 Cal.2d 43, 187 P.2d 411 (1947); State v. Ferguson, 233 Iowa 354, 6 N.W.2d 856 (1942); Butina v. State, 4 Md.App. 312, 242 A.2d 819 (1968); Commonwealth v. Lamothe,. 343 Mass. 417, 179 N.E.2d 245 (1961); State v. Lucas, 30 N.J. 37, 152 A. 2d 50 (1959); 2 Anderson, Wharton's Criminal Law & Procedure, § 388 (1957); 5 Am.Jur.2d, Arson and Related Offenses, § 1 at 801 (1962).

■ The language of our statute is plain and, thus, must be given effect. Ex parte DeVore, 18 N.M. 246, 136 P. 47 (1913); State v. Ortiz, 78 N.M. 507, 433 P.2d 92 (Ct.App.1967). There is no room for construction when the language of a statute is plain and unambiguous. Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965); State v. Shop Rite Foods, Inc., 74 N.M. 55, 390 P.2d 437 (1964); State v. Thompson, 57 N.M. 459, 260 P.2d 370 (1953); State v. Ortiz, supra.

■ The Legislature is the proper branch of government to determine what behavior should be proscribed under the police power, and, thus, to define crimes and provide for their punishment. N.M. Const. Art. IV, §§ 1 and 2; State v. Allen, 77 N.M. 433, 423 P.2d 867 (1967); State v. Hughes, 3 Conn.Cir. 181, 209 A.2d 872, 14 A.L.R.3d 1166 (1965); 16 Am.Jur.2d, Constitutional Law, § 281 at 544 (1964). A statute is sustainable as a proper exercise of that power only if the enactment is reasonably necessary to prevent manifest or anticipated evil, or is reasonably necessary

to preserve the public health, safety, morals, or general welfare. State v. Prince, 52 N.M. 15, 189 P.2d 993 (1948); State v. Spino, 61 Wash.2d 246, 377 P.2d 868 (1963).

As suggested by defendant, and as stated by the Supreme Court of Washington in State v. Spino, supra, wherein a similar arson statute was held unconstitutional, a person could be prosecuted under this statute for burning an old shed or outbuilding which is his own property, and without any intention on his part of hurting, gaining advantage over, or benefiting from another. Under our statute, anyone intentionally undertaking to raze, demolish or destroy by any explosive substance, or by fire, any old, unuseable, or dangerous structure, vehicle, or craft, as enumerated in this statute, even though it belongs to him, or he is acting under the express directions and authority of the owner thereof, is guilty of arson. The fact that his act may benefit the public, and no one could possibly be harmed, or injured thereby, is no defense, if he intended to accomplish the destruction.

The issue, as to the requisite intent or mental state, presented to the Supreme Court of Washington in the Spino case, is identical with that presented in this case. In the Spino case the word "wilfully" was used in the arson statute there involved, whereas "intentional" is the word in our statute prescribing the mental state with which the damaging by any explosive substance or fire must be accomplished. However, in defining the word "wilfully," the Washington court expressly stated that " * * * given its ordinary meaning of 'intentionally,' then it is a crime to 'intentionally burn any property.' " We do not mean to suggest that we would necessarily have given the same effect to the word "wilfully" had that term, rather than "intentional," been used in our statute, because the word "wilfully," as used in the criminal law, has been given many meanings. However, since the Washington court held "wilfully" means "intentionally,"

we are faced with the identical question presented in the Spino case.

 As stated in the Spino case:

"* * * Legislatures may not, under the guise of the police power, impose restrictions that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities * * *

"No conceivable public purpose can be served by the prosecution and punishment of those who set fires for innocent and beneficial purposes."

We add to this, no conceivable public purpose can be served by the prosecution and punishment of others who use explosives to raze or destroy structures for innocent and beneficial purposes, which razing or destruction is prohibited by our statute. Compare State v. Prince, supra.

The holding in the Spino case was reaffirmed in State v. Paquet, 61 Wash.2d 789, 379 P.2d 188 (1963).

We hold § 40A–17–5, supra, to be invalid, in that it is not a reasonable exercise of the police power. In view of this holding, we need not consider the other issues raised by defendant in this appeal.

We are not impelled by any concern for the public welfare, as was our Supreme Court in State v. Prince, supra, to decide whether the prior arson statutes have been disturbed by the repealing provisions of N.M.Laws, 1963, ch. 303, known as the Criminal Code and now appearing as Chapter 40A, N.M.S.A.1953 (Repl. Vol. 6, 1964). There are at least two reasons why we are not so impelled: (1) Section 40A–1–3, N.M.S.A.1953 (Repl. Vol. 6, 1964), which was enacted as a part of the Criminal Code, provides:

"In criminal cases where no provision of this code is applicable, the common law, as recognized by the United States and the several states of the Union, shall govern."

(2) Article 15 of the Criminal Code relates to criminal damage of real and personal property and provides for punishment therefor.

The judgment of conviction must be reversed and the cause remanded with directions to vacate the judgment and sentence and to quash the information.

It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.