512 P.2d 962

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Alfred Ike VICKERY, Defendant-Appellant.**

**No. 1076.**

Court of Appeals of New Mexico.

June 20, 1973.

Certiorari denied July 18, 1973.

See also N.M.App., 508 P.2d 28.

Frank P. Dickson, Larry W. Burch, Branch, Dickson & Dubois, P. A., Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of unlawful branding, defendant appeals. The unlawful branding was the use of an unrecorded brand in violation of § 40A–18–3(C), N.M.S.A.1953 (2d Repl.Vol. 6). Defendant's appeal raises issues as to: (1) whether criminal intent is an element of the crime; (2) the constitutionality of § 40A–18–3(C), supra; (3) refused instructions on entrapment; and (4) refusal of a continuance.

*Is criminal intent an element of unlawful branding?*

The unlawful branding of which defendant has been convicted is the *use* of an unrecorded brand. Must defendant have had a criminal intent, see State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969), in order to be convicted of this use?

State v. Shedoudy, 45 N.M. 516, 118 P.2d 280 (1941) held that a criminal intent is generally regarded as essential, but that the legislature may declare the commission of an act to be criminal without regard to intent. However, " * * * in such case it must clearly appear * * * that such was the legislative intent." [Citation omitted]. In determining legislative intent we consider prior statutes in pari materia. State v. Prince, 52 N.M. 15, 189 P.2d 993 (1948); see State v. Thompson, 57 N.M. 459, 260 P.2d 370 (1953); compare State v. Dennis, 80 N.M. 262, 454 P.2d 276 (Ct.App.1969).

In this case four prior laws bear on the subject of legislative intent.

1. Laws 1884, ch. 47 is an act for the protection of livestock. This law provided for the branding of cattle and the recording of brands. Section 5 of this law made it unlawful to brand an animal that was the property of another with any brand which was not the recorded brand of the owner of the animal. A violator of § 5

was deemed guilty of larceny and, under the authorized penalties, a violator could be sentenced to the penitentiary.

Laws 1884, ch. 47, § 5 was amended by Laws 1919, ch. 56, § 1. This 1919 amendment removed the reference to larceny. Assuming the reference to larceny in 1884 indicated that a criminal intent was required, the 1919 amendment removed that requirement. The provisions of this 1884 law, as amended in 1919, appear as § 40-4-11, N.M.S.A.1953 (Orig.Vol. 6). Section 40-4-11, supra, was repealed in 1963 as a part of the law which enacted § 40A-18-3(C), supra. See Laws 1963, ch. 303, § 30-1.

2. Laws 1895, ch. 6 is an act relating to brands. This act made additional provisions for the branding of cattle and the recording of brands. Section 20 of this law prohibited the branding of unbranded range cattle with a brand that had not been recorded. A violator of § 20 was deemed guilty of larceny; however, no specific penalty was provided for the violation of § 20.

Laws 1895, ch. 6, § 20, was amended by Laws 1919, ch. 57, § 1. This 1919 amendment removed the reference to larceny. This amendment added, however, that the prohibited branding must have been done "knowingly." The requirement of "knowingly" did not add a requirement of criminal intent since, in two decisions, the New Mexico Supreme Court has treated "knowingly" as a concept separate from that of criminal intent. State v. Craig, 70 N.M. 176, 372 P.2d 128 (1962); State v. Blevins, 40 N.M. 367, 60 P.2d 208 (1936); compare State v. Borunda, 83 N.M. 563, 494 P.2d 976 (Ct.App.1972).

Assuming here, as we did in connection with the 1884 law, that the reference to larceny in 1895 indicated a criminal intent was required, the 1919 amendment removed that requirement. The provisions of the 1895 law, as amended in 1919, appear as § 40-4-15, N.M.S.A.1953 (Orig.Vol. 6). Section 40-4-15, supra, was repealed in 1963 as a part of the law which enacted § 40A-18-3(C), supra. Laws 1963, ch. 303, § 30-1.

3. Laws 1905, ch. 95 also pertains to brands. A portion of its title reads: "AN ACT TO PREVENT AND PUNISH * * * THE USE * * * OF ANY BRAND THAT IS NOT RECORDED IN THE TERRITORIAL BRAND BOOK. * * *" Section 1 of this law made it unlawful to use any brand unless the brand had been duly recorded and the person using the brand held a certificate certifying to the fact of such record. This provision is clearly more comprehensive than the 1884 and 1895 laws discussed above. This 1905 provision is not limited to branding an animal not one's own and is not limited to the branding of range cattle. This 1905 provision applies to the use of *any* brand.

The penalty for use of an unrecorded brand is stated in § 5 of the 1905 act. As originally enacted there was a proviso to the authorized penalties. This proviso stated there would be no conviction if the brand was recorded within thirty days after seizure of the animals. An amendment in 1927 (Laws 1927, ch. 49, § 2) deleted this proviso. After this 1927 amendment, the authorized penalties of fine or imprisonment applied.

Section 7 of the 1905 law stated that all acts or parts of acts in conflict with the 1905 law were repealed. We are not concerned with whether § 7 was legally effective to repeal conflicting laws. Our concern is with legislative intent. At a time that the branding provisions in the 1884 and 1895 laws declared violations of these provisions to be larceny, § 7 of the 1905 laws shows a legislative intent that the provisions of the 1905 laws were the criminal provisions on branding that were to be given effect.

Section 6 of the 1905 law also shows legislative intent. This section stated that it was "deemed evidence of guilt" that a person charged with using an unrecorded brand " * * * shall have been seen placing said brand upon any animal. * * *"

The title and §§ 1, 5, 6 and 7 of the 1905 law clearly show that the legislature intended use of an unrecorded brand to be a crime without regard to criminal intent. Sections 1, 5 (as amended) and 6 of the 1905 law appear as §§ 40-4-12, 40-4-13 and 40-4-14, N.M.S.A.1953 (Orig.Vol. 6). These three sections were repealed in 1963 in the law which enacted § 40A-18-3(C), supra. Laws 1963, ch. 303, § 30-1.

4. In discussing the 1895 laws, we pointed out that it included provisions for the branding of cattle. These provisions appeared in Laws 1895, ch. 6, § 1. Section 1 has been twice amended, see Laws 1941, ch. 40, § 1 and Laws 1951, ch. 67, § 1. We are not concerned here with the details of the branding provisions but with the fact that requirements for branding exist. This requirement—the necessity of a brand—is existing law, appearing at § 47-9-3, N.M.S.A.1953 (Repl.Vol. 7).

When enacted in 1895, no penalty was provided for failure to brand as required. A penalty was provided in 1961. It is § 47-9-3.1, N.M.S.A.1953 (Repl.Vol. 7).

We will refer to §§ 47-9-3 and 47-9-3.1, supra, under another point. At present our concern is limited to legislative intent. Section 47-9-3.1, supra, shows a legislative intent, in 1961, that all livestock required to be branded were to bear a recorded brand.

The legislative intent of the 1905 law is clear. Any conflict between the 1884 and 1895 laws and the 1905 law was removed by subsequent amendments and those amendments also show legislative intent. This legislative intent again appears in the penalty provisions added in 1961. Considering the four laws together—those of 1884, 1895, 1905 and 1961—it clearly appears that immediately prior to the enactment of § 40A-18-3(C), supra, in 1963, criminal intent was not an element of the crime of using an unrecorded brand.

Our "Criminal Code," of which § 40A-18-3(C), supra, is a part, was enacted in 1963 [see § 40A-1-1, N.M.S.A.1953 (2d Repl.Vol. 6)] after a study of our criminal law. A criminal law study committee was established by Laws 1957, ch. 233. The committee was continued by Laws 1959, ch. 109 and Laws 1961, ch. 179. This committee was charged to examine the laws relating to criminal offenses, recommend changes deemed desirable and draft legislation to effect those changes.

The result was the "Report of Criminal Law Study Interim Committee 1961–1962." This report grouped the then existing statutes on a particular subject so that the existing statutes could be compared with the proposed statute. On the subject of unlawful branding it grouped §§ 40-4-11, 40-4-12, 40-4-13, 40-4-14 and 40-4-15, supra, for comparison with a proposed statute on unlawful branding. Little change was made in the proposal concerning use of an unrecorded brand. The committee proposal referred to brands recorded with the cattle sanitary board; the legislature added a reference to brands recorded with the sheep sanitary board. However, the prohibition on use of an unrecorded brand was enacted as proposed by the committee.

The committee's report to the 26th Legislature (see page 1 of the committee report) states a policy of the committee to retain provisions of existing criminal laws wherever possible and to amend those laws only where the law was unclear, unnecessary, a duplication or outmoded. Under this policy, the provisions as to use of a brand in the 1884 and 1895 laws, previously discussed, were discarded. A comparison shows the 1905 law was the law proposed by the committee and the law reenacted as § 40A-18-3(C), supra.

■ On the basis of the foregoing, we hold that it clearly appears that criminal intent is not an element of the crime stated in § 40A-18-3(C), supra. With this result, we need not consider defendant's claim that the trial court did not instruct on criminal intent. No such instruction was necessary; criminal intent is not an element of that crime.

*The constitutionality of the crime of unlawful branding.*

 Without criminal intent as an element of the crime of using an unrecorded brand, defendant asserts § 40A–18–3(C), supra, is unconstitutional on several grounds. Defendant's claims were not raised in the trial court. Since, however, the claims raise the issue of whether a crime has been committed, we consider them as jurisdictional questions which may be raised for the first time on appeal. See Valdez v. City of Las Vegas, 68 N.M. 304, 361 P.2d 613 (1961); State v. Diamond, 27 N.M. 477, 202 P. 988, 20 A.L.R. 1527 (1921); State v. Austin, supra.

Section 40A–18–3(C), supra, encompasses innocent acts. One could brand one's own cattle and if the brand were unrecorded an offense would be committed. Relying on State v. Prince, supra, defendant asserts that making an innocent act a crime renders the statute vague and uncertain. Relying on State v. Dennis, supra, defendant asserts that § 40A–18–3(C), supra, is not " '. . . reasonably necessary to prevent manifest or anticipated evil. . . .' " Defendant also asserts the penalty for use of an unrecorded brand is excessive and exceeds any legitimate penal aim; that the offense is out of proportion to the punishment (that of a fourth degree felony) that could be inflicted. See Huerta v. Flood, 103 Ariz. 608, 447 P.2d 866 (1968). We understand these contentions to raise the due process question of whether the statute is a reasonable exercise of the State's police power. See State v. Davis, 80 N.M. 347, 455 P.2d 851 (Ct.App. 1969).

 These due process contentions fail to consider the purpose of § 40A–18–3(C), supra. That purpose is ". . . to prevent a kind of theft peculiarly easy of commission and difficult of discovery and punishment, and to afford special protection to the important industry of stockraising." State v. Thompson, supra; Wilburn v. Territory, 10 N.M. 402, 62 P. 968 (1900).

That purpose is demonstrated in this case. A witness testified the five head of cattle involved were his; that he had not disposed of them; that the three cows bore his recorded brand. The record is not clear whether the two calves had been branded before the unrecorded brand was applied. There is evidence that defendant's wife acquired the cattle from an identified third person. The three cows had also been branded with an unrecorded brand and in at least one instance the unrecorded brand had been applied over the recorded brand. Defendant admitted helping apply the unrecorded brand to the calves. Defendant denied having anything to do with applying the unrecorded brand to the cows, yet the evidence is that defendant claimed the unrecorded brand as his brand. Under these facts, the requirement of use of a recorded brand is clearly a reasonable requirement for the identification of cattle and for the prevention of cattle theft.

 We hold § 40A–18–3(C), supra, to be a reasonable exercise of the police power of New Mexico; that in the light of its purpose, its application to innocent acts and the felony penalty provided do not offend due process of law. See State v. Thompson, supra; compare State v. Davis, supra.

 Another question is whether there are two statutes providing different penalties for identical acts. If so, there is a constitutional question as to whether the statute providing the higher penalty offends the requirement of equal protection. State v. Chavez, 77 N.M. 79, 419 P.2d 456 (1966).

The penalty for violating § 40A–18–3(C), supra, is penitentiary imprisonment of not less than one nor more than five years, a fine of not more than $5,000.00, or both a fine and imprisonment. Section 40A–29–3(D), N.M.S.A.1953 (2d Repl.Vol. 6).

Section 47–9–3.1, supra, provides a penalty for violating either §§ 47–9–3 or 47–

9–3.1, supra. That penalty is a fine of not less than $50.00 nor more than $300.00.

■ The question is whether the penalty provided in § 47–9–3.1, supra, is a penalty for the identical act prohibited by § 40A–18–3(C), supra. We hold it is not. Section 47–9–3, supra, applies to "neat cattle;" the cattle in this case fit that category. Wilburn v. Territory, supra. Section 47–9–3, supra, however, goes to the requirement of branding, not to the use of an unrecorded brand.

■ Section 47–9–3.1, supra, goes to the brand that is applied and requires that the brand be the "* * * brand recorded in the name of the present owner * * * or, in the alternative, the * * * brand of a former owner. * * *" The requirement then is directed to persons in possession of cattle with brands that do not meet the requirements of § 47–9–3.1, supra, and not to the use of an unrecorded brand. Thus, in our opinion, § 47–9–3.1, supra, does not provide a penalty for the identical act prohibited by § 40A–18–3(C), supra.

■ Another answer to the unequal protection question is provided by rules of construction. If the penalties in § 47–9–3.1, supra, and § 40A–18–3(C), supra, should be considered as providing penalties for identical acts, then § 47–9–3.1, supra, would not be applicable. It would not be applicable because § 47–9–3.1, supra, applies to branding requirements generally while § 40A–18–3(C), supra, applies specifically to the use of an unrecorded brand. See State v. Blevins, supra. Section 40A–18–3(C), supra, does not offend the requirement of equal protection of the laws.

There is no merit to the constitutional questions presented.

### Refused instructions on entrapment.

Defendant submitted requested instructions on entrapment which were refused. There is no issue as to the contents of the refused instructions. For the meaning of entrapment see State v. Roybal, 65 N.M. 342, 337 P.2d 406 (1959); State v. Sainz, 84 N.M. 259, 501 P.2d 1247 (Ct.App.1972);

State v. Sena, 82 N.M. 513, 484 P.2d 355 (Ct.App.1971). The issue is whether defendant was entitled to instructions on entrapment.

■ Defendant was entitled to instructions on his theory of entrapment only if there was evidence to support that theory. State v. Garcia, 79 N.M. 367, 443 P.2d 860 (1968); State v. Romero, 79 N.M. 522, 445 P.2d 587 (Ct.App.1968).

■ Defendant testified to a conversation with a special investigator for the New Mexico Livestock Board which would support his theory of entrapment if he had been charged with using an unrecorded brand between the time of the State Fair in 1971 and the end of that year. However, the use for which he is charged is in February, 1972. The evidence is that this use occurred within a week or two of February 10, 1972. There is no evidence that defendant was entrapped into using an unrecorded brand after the early part of 1972.

There being no evidence to support defendant's theory of entrapment, refusal of the requested instructions was not error.

### Refusal of a continuance.

■ On the morning of trial defendant moved that the trial setting be vacated on the basis that a witness "crucial to the Defense" had become ill, was hospitalized and, because of impending surgery, would be unable to testify. The affidavit in support of the motion asserts the witness would corroborate defendant's testimony that he was in Arizona "* * * about the time the alleged unlawful brands were applied."

This corroborative testimony was in no sense crucial; defendant admitted helping to brand the calves. If in fact defendant was absent when the brand he claimed as his own was applied to the cows, the evidence concerning the calves fully sustains the conviction. In the light of this evidence, the testimony of the missing witness would not have aided his defense. The trial court did not abuse its discretion in

denying the motion to vacate the trial setting. State v. Sluder, 82 N.M. 755, 487 P. 2d 183 (Ct.App.1971).

The judgment and sentence is affirmed.

It is so ordered.

LOPEZ, J., concurs.

SUTIN, Judge (dissenting).

Section 40A–18–3, N.M.S.A.1953 (2nd Repl. Vol. 6) reads as follows:

Unlawful branding consists of either:

A. branding, marking or causing to be branded or marked any animal, which is the property of another, with any brand not the brand of the owner of the animal;

B. defacing or obliterating any brand or mark upon any animal which is the property of another; or

C. *using any brand unless said brand shall have been duly recorded* in the office of the cattle sanitary board of New Mexico or the sheep sanitary board of New Mexico, whichever is applicable, *and the person holds a certificate* from the cattle sanitary board or the sheep sanitary board *certifying to the fact of such record.*

Whoever commits unlawful branding is guilty of a fourth degree felony. [Emphasis added]

Defendant was indicted under subsection (C) in that defendant "did use a brand which had not been duly recorded in the Office of the Cattle Sanitary Board of New Mexico and did not hold a certificate from the Cattle Sanitary Board of New Mexico certifying to the fact of such brand being recorded."

Subsection (C) is unconstitutional. For what reason defendant was charged with violation of subsection (C) instead of subsections (A) or (B) will remain an interesting mystery. We are not concerned with the guilt or innocence of the defendant. The sole question to be determined is whether a crime can be committed under subsection (C).

This statute is a condensation of §§ 40–4–11, 40–4–12 and 40–4–15, N.M.S.A.1953 (Vol. 6 Orig.). Its validity is a matter of first impression in New Mexico. The core of subsection (C) is the recordation of "any brand", for identification. Section 47–9–4, N.M.S.A.1953 (Repl.Vol. 7). The language of subsection (C) has no relatives in branding statutory history which omit identification of the object to be branded.

*First,* subsection (C) is unconstitutional for vagueness. "The entire statute is set forth because in determining the question of unconstitutional vagueness the statute as a whole must be considered." State v. Ferris, 80 N.M. 663, 665, 459 P.2d 462, 464 (Ct.App.1969).

"Using any brand", whatever its nature, regardless of ownership, for whatever reason, upon whatever property, including one's own private property, honestly, accidentally or mistakenly used, if not recorded, is a felony. This section omits any reference to animals. We cannot read the words "upon cattle" or "upon sheep" into subsection (C), because "We will not change or limit the wording in a criminal statute in order to construe it against the accused." State v. Collins, 80 N.M. 499, 502, 458 P.2d 225 (1969).

Subsection (C) is vague, uncertain and indefinite. State v. Diamond, 27 N.M. 477, 202 P. 988, 20 A.L.R. 1527 (1921), cited with approval in Winters v. New York, 333 U.S. 507, 516, 68 S.Ct. 665, 92 L.Ed. 840 (1948); State v. Prince, 52 N.M. 15, 189 P.2d 993 (1948); dissent, State v. McKinley, 53 N.M. 106, 112, 202 P.2d 964 (1949); State v. Thompson, 57 N.M. 459, 260 P.2d 370 (1953); State v. Ferris, supra; State v. Minns, 80 N.M. 269, 454 P. 2d 355 (Ct.App.1969); State v. Orzen, 83 N.M. 458, 493 P.2d 768 (Ct.App.1972); dissent, State v. Sanchez, 82 N.M. 585, 588, 484 P.2d 1295 (Ct.App.1971).

*Second,* subsection (C) is unconstitutional because it is not a reasonable exercise of the police power. It does not seek preservation of the public peace, health, safety, morals, general welfare, prosperity, comfort and convenience, nor injury to others, nor prevention of evil. State v. Lavender, 69 N.M. 220, 365 P.2d 652 (1961);' State v. Prince, supra; State v. Dennis, 80 N.M. 262, 454 P.2d 276 (Ct. App.1969); State v. Davis, 80 N.M. 347, 455 P.2d 851 (Ct.App.1969); Skaggs Drug Center v. General Electric Company, 63 N.M. 215, 315 P.2d 967 (1957). All it seeks is recordation of a brand for a fee of $10.00. Section 47-9-8, N.M.S.A.1953 (Repl. Vol. 7, 1971 Supp.)

*Third,* subsection (C) is unconstitutional because it is in violation of Article II, § 4, New Mexico Constitution. It provides in part that:

All persons are born equally free, and have certain natural, inherent and inalienable rights, among which are the rights . . . of acquiring, possessing and protecting property . . . .

Subsection (C) denies a defendant the right to acquire, possess and protect property of any kind because he cannot use any brand he desires for that purpose. This is not a reasonable regulation for the exercise and enjoyment of his constitutional guarantees because subsection (C) provides that "any brand", not used for cattle, shall be recorded with the cattle sanitary board. Compare, State v. Brooken, 19 N.M. 404, 412, 143 P. 479, L.R.A.1915B 213, Ann. Cas.1916D 136 (1914). The many meanings of "brand" as a noun need not be set forth. "Brands" are used in agriculture and logging as well as animals.

*Fourth,* subsection (C) is unconstitutional because it is in violation of Article II, § 13, New Mexico Constitution which prohibits cruel and unusual punishment. Subsection (C) is a fourth degree felony. The defendant can ·be imprisoned in the penitentiary for a term of not less ·than one year nor more than five years, or sentenced to the payment of a fine of not more than $5,000 or to both such imprisonment and fine in the discretion of the judge. Section 40A-29-3(D), N.M.S.A. 1953 (2nd Repl. Vol. 6).

We should move into a modern concept of cruel and unusual punishment based upon a developing society. What was not cruel and unusual yesterday, may be cruel and unusual today. See Annot. 33 A.L.R. 3rd 335, 349; Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

This penalty arises for failure to record a brand with a state agency. "One may be an offender against it, though he gain nothing and injure nobody." When a sentence actually imposed for violation of subsection (C) is greater than one which could be imposed for a more serious offense, this type of disparity constitutes a cruel and unusual punishment.

Cruelly beating, multilating, or cruelly killing an animal is only a misdemeanor (40A-18-1), and wilfully and maliciously poisoning, killing or injuring any animal is a misdemeanor (40A-18-2). Negligent arson is a fourth degree felony (40A-17-5(B)). Aggravated assault is a fourth degree felony (40A-3-2). A review of the criminal code shows that a fourth degree felony for failing to record any brand is not related to the gravity of the offense and shocks the moral sense of the community. When this occurs, the punishment falls within the prohibition of Article II, § 13 of the New Mexico Constitution.· Workman v. Commonwealth, 429 S.W.2d 374 (Ky.1968), 33 A.L.R.3d 326; Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910).

In the following states, where identification *does* appear in the statute, the penalty is defined as a misdemeanor. Oklahoma, Chapter 2, Section 4-6; Nebraska, Sections 54-106, 107; Texas, Article 1460, Title 17, Vernon's Ann.P.C.; Wyoming, Sections 11-335, 336, Section 11-332, no penal-

ty provision; Montana, Sections 46–603, 608; Colorado, Sections 8–2–5(2), (3); Arizona, Section 24–209; Kansas, Section 47–420; Utah, Section 4–13–4, no specific penalty; Nevada, Sections 564.020, 564.-150; Oregon, Sections 604.220, 604–992; Washington, Sections 15.52.090, 15.52.330; California Agricultural Code, Section 17702.

The penalty is defined as a felony where branding is done (1) with intent to steal, or to prevent identification by the true owner, (2) is done wilfully or constitutes grand larceny or is done with intent to confuse or commingle animals.

A fourth degree felony for failing to record a brand is cruel and unusual punishment.

This court's duty is to seek the meaning of the many New Mexico statutes related to branding of livestock. The primary purpose is the identification of livestock. Identification acts as a deterrent to theft. It facilitates separation where range livestock become intermixed. It prevents honest but mistaken claims of ownership. State v. Morton, 158 Kan. 503, 148 P.2d 760 (1944). The only reason for branding ordinary domestic cattle kept in enclosures or buildings is to protect the public where cattle are to be slaughtered for human consumption. Section 47–9–3. The New Mexico livestock board is empowered . . .

(1) [T]o exercise general regulatory supervision over the livestock industry of this state in order to protect the industry from theft and contagious or infectious diseases and in order to protect the public from diseased or unwholesome meat or meat products. Section 47–23–6, N. M.S.A.1953 (Repl. Vol. 7, 1971 Supp.)

If the legislature desires to make effective the purposes of the statutes, it must direct its criminal offenses on branding to the livestock industry. Subsections (A) and (B) do. Subsection (C) does not.

This case should be dismissed and defendant discharged.