617 P.2d 173

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Norberto P. ARANDA, Defendant–Appellant.**

**No. 4553.**

Court of Appeals of New Mexico.

Sept. 11, 1980.

Mary Lou Carson, Santa Fe, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Walter G. Lombardi, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

## OPINION

WALTERS, Judge.

Defendant was scheduled to be tried on two drug charges, one a felony and one a misdemeanor, on August 23, 1979. He did not appear, but voluntarily turned himself in at the sheriff's office on September 13th. When he failed to appear for trial in August, a criminal complaint was issued, and it is from a conviction on the felony charge of willful failure to appear before the court, in violation of § 31–3–9(A), N.M.S.A.1978, that this appeal is taken. We affirm.

Defendant raises three issues: (1) whether there was sufficient evidence of willfulness to support the trial court's denial of defendant's motion for directed verdict at the close of the prosecution's case; (2) whether defendant was improperly charged under the felony failure–to–appear instead of the misdemeanor charge of failing to appear if released and awaiting trial for a

misdemeanor; (3) whether the failure–to–appear statute is constitutionally void for vagueness.

## 1. MOTION FOR DIRECTED VERDICT

At the close of the State's case–in–chief, defendant moved for a directed verdict or, in the alternative, to dismiss the grand jury indictment. He argued that the State had failed to prove the necessary element of willfulness. In overruling the motion, the trial court held that there was sufficient evidence to present a jury question.

 When a defendant alleges that his motion for a directed verdict has been improperly denied, the appeals court must review the record to determine whether there was substantial evidence presented by the State to support the charges against defendant, indulging all reasonable inferences in support of the judgment and examining the evidence in the light most favorable to the State. *State v. Manus*, 93 N.M. 95, 98, 597 P.2d 280, 283 (1979); *State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978). However, when a motion for a directed verdict is made and denied at the close of the State's case–in–chief, and defendant thereafter introduces evidence, as in this case, the sufficiency of the evidence is determined by a review of all of the evidence, and not just the evidence at the time the motion was made. *State v. Lard*, 86 N.M. 71, 519 P.2d 307 (Ct.App.1971).

The *Manus* court noted, at 93 N.M. 98, 99, 597 P.2d 283, 284:

The evidence was circumstantial on the element of deliberate intent. Since the element of intent involves the state of mind of the defendant it is seldom, if ever, susceptible to direct proof, and may be proved by circumstantial evidence. *State v. Ferrari*, 80 N.M. 714, 460 P.2d 244 (1969); *State v. Smith*, 76 N.M. 477, 416 P.2d 146 (1966). A verdict of not guilty should be directed only when there are no reasonable inferences or sufficient surrounding circumstances from which to infer intent. *State v. Ortiz*, 90 N.M. 319, 563 P.2d 113 (Ct.App.1977).

A review of the evidence discloses that in the month preceding the trial, defendant and counsel met at least a half dozen times; two or three days before trial, counsel informed the defendant of the trial date and the fact that it was absolutely necessary for him to appear; the defendant was free on bond; that the day before he was to appear defendant left for Albuquerque; that when his car broke down he made no effort to contact his attorney; that he never asked any family member to call his attorney or the court to explain his absence; defendant was absent at the time his trial was scheduled to proceed; Judge Hensley thereupon issued a bench warrant for his arrest; that when he did return it was because he had contacted his brother by collect telephone call to come and get him; and defendant turned himself in to local authorities three weeks after the date that he failed to appear for trial.

 From these facts, and reviewing them most favorably toward the State, we cannot say that the jury unreasonably inferred that defendant wilfully failed to show up for his scheduled trial on August 23, 1979.

## 2. FELONY VS. MISDEMEANOR CHARGE OF FAILURE TO APPEAR

 Defendant did not raise the issue that his failure to appear should have been brought as a misdemeanor rather than a felony charge (*see* § 31–3–9, N.M.S.A.1978), in his docketing statement. It is well established that issues not raised in the docketing statement may not be raised for the first time in the Brief–in–Chief, N.M.Crim. App.P. 205, N.M.S.A.1978, and if so raised, may only be considered if the issue falls within one of the statutory exceptions. N.M.R.Crim.App.P. 308; *State v. Jacobs*, 91 N.M. 445, 450, 575 P.2d 954 (Ct.App.1978).

This case does not fit within any of the exceptions. Additionally and as more fully discussed under defendant's third point, it is without merit regardless of Rule 308's effect.

## 3. CONSTITUTIONALITY OF THE STATUTE

■■ Although this point also was not listed in the docketing statement nor raised in the trial court, Rule 308 saves the issue for consideration because it raises a jurisdictional question. *State v. Vickery*, 85 N.M. 389, 512 P.2d 962 (Ct.App.1973). When defendant asserts that the statute is unconstitutional, he questions the district court's "power or authority to decide the particular matter presented." *Heckathorn v. Heckathorn*, 77 N.M. 369, 371, 423 P.2d 410 (1967). If the statute is found unconstitutional, it is void, and the trial court has no authority to proceed to trial, conviction and sentence of defendant under a void statute. *See State v. Diamond*, 27 N.M. 477, 202 P. 988 (1921), which held:

> [W]here the alleged unconstitutional character of a statute concerns a matter of evidence, rather than the offense itself, the constitutional question cannot be raised for the first time on appeal. But in this case, a different proposition is involved. Here the question of the constitutionality of the act involved determines whether a crime has been committed. If the law is void, no crime has been committed and none can be committed under it, and the court has no jurisdiction over the person of the defendant or the subject matter of the cause. It is a proceeding to punish a man where there is no law authorizing the same. In such a case it would seem that the question is jurisdictional and may be raised for the first time on appeal, and we so hold.

N.M.R.Crim.App. 308 implements the rule of *Diamond, supra.*

■ New Mexico consistently has held that a statute denies constitutional due process if it is so vague that persons of common intelligence must necessarily guess at its meaning. *State v. Rogers*, 94 N.M. 527, 612 P.2d 1338, 1340 (Ct.App.1980); *State v. Orzen*, 83 N.M. 458, 493 P.2d 768 (Ct.App.1972). Section 31–3–9 is explicit: it provides that if one is released in connection with a felony and fails to appear, that person has committed a felony; if one is released in connection with a misdemeanor and fails to appear, that person has committed a misdemeanor. In this case, defendant failed to appear on charges of a felony *and* a misdemeanor, and his contention that a plea agreement contemplated dropping of the felony count is not supported by the record. Even if such an arrangement had been made and defendant would have been expected on August 23rd to plead only to a misdemeanor, that could not overcome the uncontroverted fact that "he was *released* in connection with a [felony] charge" and was found by the jury to have "wilfully fail[ed] to appear" for trial. Section 31–3–9 A, N.M.S.A.1978. The claim of vagueness in the statute is unsound.

The jury verdict and the sentence are affirmed.

WOOD, C. J., and ANDREWS, J., concur.