22140

The STATE, Respondent, v. John Henry LEACH, Jr., Appellant.

(318 S. E. (2d) 267)

Supreme Court

*H. Wayne Floyd* and *Jeffrey M. Tzerman* of *Oswald & Floyd*, West Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia, and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard June 4, 1984.

Decided July 17, 1984.

GREGORY, Justice:

Appellant John Henry Leach, Jr. was convicted of second degree arson and sentenced to five years' imprisonment suspended upon the service of two years' probation. Appellant challenges the constitutionality of S. C. Code Ann. § 16-11-110(B) (Cum. Supp. 1983). We affirm.

Appellant and his common-law wife were indicted for second degree arson and conspiracy. The trial judge granted motions for directed verdicts of acquittal on both counts as to the wife and on the conspiracy count as to appellant. The jury found appellant guilty of second degree arson, a violation of § 16-11-110(B) of the Code which provides in part:

> Any person who (a) wilfully and maliciously causes an explosion, sets fire to, or burns, or causes to be burned or (b) aids, counsels or procures the burning of any dwelling house . . ., whether the property of himself or of another, shall be deemed guilty of arson in the second degree. . . .

Appellant contends this statute is an unconstitutional restraint on the right of a property owner to dispose of his property. We disagree.

Statutes are to be construed in favor of constitutionality, and a legislative act is presumed constitutionally valid unless a clear showing to the contrary is made. *Craft v. State,* S. C., 314 S. E. (2d) 330 (1984).

Appellant cites two cases from other jurisdictions to support his argument, *State v. Dennis,* 80 N. M. 262, 454 P. (2d) 276 (1969) and *State v. Spino,* 61 Wash. (2d) 246, 377 P. (2d) 868 (1963). In *Dennis* and *Spino,* the statutes involved were found unconstitutional because they would permit the indictment of one who innocently set fire to his own property which he had deemed worthless to him; those statutes required a finding of wilfulness but not malice. Our statute requires wilfulness *and malice,* and thus is distinguishable from those in *Dennis* and *Spino.*

"[T]he term, 'malice' conveys the meaning of hatred, ill-will, or hostility toward another.... [M]alice has been frequently, substantially so defined as consisting of the intentional doing of a wrongful act toward another without legal justification or excuse." *State v. Heyward,* 197 S. C. 371, 15 S. E. (2d) 669, 671 (1941). The element of malice, thus, would prevent the indictment of persons who innocently set fire to their property and who committed no intentional, wrongful act toward another without legal justification or excuse.

The question arises whether appellant intentionally committed a wrongful act toward another without legal justification or excuse. The State asserts appellant's property is "property of another" for purposes of the arson statute because the home was subject to a mortgage lien.

South Carolina has had no prior opportunity to address the issue of whether a mortgagee's interest in the property is sufficient to deem it "property of another" for purposes of the arson statute. At least two courts in other jurisdictions have concluded a mortgagee's interest in the property is sufficient to deem it "property of another" under their arson statutes. *People v. Ross,* 41 Ill. (2d) 445, 244 N. E. (2d) 608, *cert. denied,* 395 U. S. 920, 89 S. Ct. 1771, 23 L. Ed. (2d) 237 (1969); *State v. Phillips,* 99 Wis. (2d) 46, 298 N. W. (2d) 239 (1980).

Section 29-3-10 of the South Carolina Code provides that the mortgagee cannot maintain any possessory action for the real estate mortgaged, even after the time allotted for payment, but the mortgagor is the owner of the land and the mortgagee is the owner of the money lent or due, and the mortgagee is entitled to recover satisfaction out of the property by foreclosure and sale. Obviously, if the property is wilfully and maliciously damaged or destroyed by the mortgagor, the mortgagee cannot recover satisfaction for the money lent out of the foreclosure and sale of the property.

Section 29-3-10 of the Code recognizes a mortgagee has an interest in the mortgaged property. The arson statute, § 16-11-110(B), in effect protects that interest by deterring the mortgagor from wilfully and maliciously damaging or destroying the property. We agree with *Ross* and *Phillips* and conclude a mortgagee's interest is sufficient to deem the

property "property of another" for purposes of the arson statute.

Because § 16-11-110(B) requires a finding of both wilfulness and malice before one can be convicted of arson in the second degree, we hold that section does not unconstitutionally restrain one from disposing of his own property.

Appellant's remaining exceptions are without merit and are affirmed under Rule 23.

Affirmed.

LITTLEJOHN, C. J., NESS and HARWELL, JJ., and RODNEY A. PEEPLES, as Acting Associate Justice, concur.