475 P.2d 460

STATE of New Mexico, Plaintiff-Appellee,

v.

Juan ARAGON, Defendant-Appellant.

No. 503.

Court of Appeals of New Mexico.

Sept. 25, 1970.

R. N. Franklin, Franklin & Anaya, Albuquerque, for defendant-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Ray Shollenbarger, Richard J. Smith, Asst. Attys. Gen., for plaintiff-appellee

## OPINION

HENDLEY, Judge.

Defendant appeals his conviction of the unlawful sale of a narcotic drug, heroin. Defendant raises two points for reversal, the prejudicial effect of the prosecutor's opening statement alleging a prior sale of narcotics by defendant; and that the verdict and judgment was supported by substantial evidence.

We affirm.

(a) *Prosecutor's statement of prior sale.*

In his opening statement the prosecutor stated, "On November the 28th, 1968, after having previously purchased narcotics from the defendant in this case, * * * Mr. Chavez met with three police officers. * *"

We will assume, without deciding, that defendant's immediate objection to the prosecutor's statement sufficiently preserved the matter for review, and was not waived by defendant's failure to object when Mr. Chavez testified regarding the prior sale, or defendant's own direct testimony of the prior sale.

Defendant contends that this statement was an assertion of personal knowledge on the prosecutor's part, and, within the rule of Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), was "apt to carry much weight against the accused" and was prejudicial per se.

Defendant relies upon the rule which was applied in Sunderland v. United States, 19 F.2d 202 (8th Cir. 1927) that " * * * statements by the prosecuting attorney as to matters which he cannot prove or will not be allowed to prove are improper. * * *" Defendant further asserts that the admissibility of the evidence to support the prosecutor's statements determine whether the statement is proper or improper.

Defendant correctly states the general rule that evidence of a collateral offense, though similar in character, is inadmissible in a criminal prosecution to establish a specific crime unless the case falls within an applicable exception. See State v. Lindsey, 81 N.M. 173, 464 P.2d 903 (Ct. App.1969); cert. denied, 81 N.M. 140, 464 P.2d 559 (1970) and State v. Mason, 79 N.M. 663, 448 P.2d 175 (Ct.App.1968), cert. denied, 79 N.M. 688, 448 P.2d 489 (1968).

As stated in State v. Mason, supra:

" 'Evidence of other crimes than the one charged must however have a real probative value, and not just a possible worth on issues of intent, motive, absence of mistake or accident, or to establish a scheme or plan. These are the key words which express the purpose for

68

which an exception to the general exclusionary rule is applied under prior decisions. The words are however not without limit as to breadth and meaning. They must be and will be realistically and closely defined and limited. They cannot become an occasion or excuse or device for offering evidence of other crimes which have little or no real probative value or which is cumulative. This matter is obviously a most sensitive one for the accused and for the trial court. The risk and danger is great, and this must be recognized when considering the probative value of such evidence of specific acts offered to prove the crime charged.' "

 We cannot agree with defendant that the situation here is subject to the emotionalism of State v. Mason, supra. Here we have a narcotics sale by one admitted pusher-addict to another admitted pusher-addict. We do not see such a danger of prejudice which would outweigh the probative value of that evidence. The two sales were related; they were between the same persons, they were made at the same place, they were made in the same week and they were of the same contraband. Holt v. United States, 342 F.2d 163 (5th Cir. 1965). This evidence of a prior sale established a course of conduct—a continuing plan or design. State v. Kreller, 255 La. 982, 233 So.2d 906 (1970). The proof of one sale would tend to establish the other sale. See generally annotation in 93 A.L.R.2d 1097 (1964).

Defendant contends that State v. Alberts, 80 N.M. 472, 457 P.2d 991 (Ct. App.1969), with regard to the hearsay objection, is controlling in this case. We need not decide that issue since defendant did not raise this objection in the trial court. The reviewing court will not consider nonjurisdictional matters which were not raised in the trial court. State v. Everitt, 80 N.M. 41, 450 P.2d 927 (Ct.App.1969).

(b)  *Substantial Evidence.*

Defendant contends that, since the State's case was primarily based upon the testimony of an informer, the question is whether the evidence excludes every reasonable hypothesis other than the guilt of the defendant. State v. Malouff, 81 N.M. 619, 471 P.2d 189 (Ct.App.1970). He relies on the inadequacy of the searches of the informant prior to the purchase; the periods of travel between defendant's residence and the meeting place, during which the informant was alone; and the informant's acknowledged addiction.

Defendant's claims go to credibility and evidentiary weight. That is a function for the jury. The jury decided adversely to defendant. For a similar situation, compare State v. Tapia, 81 N.M. 365, 467 P.2d 31 (Ct.App.1970).

Affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.