484 P.2d 355

STATE of New Mexico, Plaintiff-Appellee,

v.

Paul Cipriano SENA, Defendant-Appellant.

No. 591.

Court of Appeals of New Mexico.

April 9, 1971.

**514**

David W. Bonem, Clovis, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Morris Stagner, Special Asst. Atty. Gen., Clovis, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant appeals his conviction of unlawfully possessing LSD. Section 54–5–18, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp. 1969). The trial court submitted the issue of entrapment to the jury. Defendant claims this was error, asserting he was entrapped as a matter of law.

■ Concerning the defense of entrapment, State v. Roybal, 65 N.M. 342, 337 P.2d 406 (1959) states:

"* * * it is not permissible for an officer to initiate the criminal act, nor to use undue persuasion or enticement to induce the defendant to commit a crime, when without such conduct upon the part of the officer the defendant would not have committed such crime."

See also, State v. Garcia, 79 N.M. 367, 443 P.2d 860 (1968); State v. Akin, 75 N.M. 308, 404 P.2d 134 (1965); State v. Sanchez, 79 N.M. 701, 448 P.2d 807 (Ct. App.1968); State v. Romero, 79 N.M. 522, 445 P.2d 587 (Ct.App.1968). Entrapment does not occur unless the criminal conduct was the product of the creative activity of law enforcement officials. Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958).

In claiming entrapment as a matter of law, defendant relies on the following evidence. A police informer purchased LSD from defendant. The informer was a friend of defendant and had lived at defendant's house shortly before the purchase was made. The police chief had wanted the informer to purchase marijuana from defendant because the penalty was heavier. The informer was unable to buy marijuana. There were two unsuccessful attempts to get defendant to obtain LSD for the informer, but according to defendant he had given up his drug activity. The third try was successful. The informer made certain representations to defendant. The evidence as to the representations is that the informer told defendant some "heavies" wanted to start "a ring," and "they might go to violence." Also, that "some airman" wanted LSD, "* * * they had given him [the informer] some money and he had spent it so he told me that they were going to hurt him if he didn't get it." The defendant testified that although he was staying away from narcotics, he obtained the LSD because the informer "told me that he had to have it." The defendant also testified he would not have obtained the LSD without this inducement.

Defendant relies on Sherman v. United States, supra, where on "the undisputed testimony of the prosecution's witnesses," entrapment was established as a matter of law. If the testimony relied on by defendant was undisputed, there would have been entrapment under State v. Roybal, supra. However, the evidence is in conflict.

The LSD incident involved here occurred on March 2nd. There is evidence that defendant obtained this LSD on February 26th. There is also evidence that in the preceding October defendant had given the police a statement involving him in "hauling" what was thought to be marijuana from Albuquerque to Clovis; that defendant was involved in the pseudo-marijuana haul because of threats by people with Mafia connections. There is evidence that during the time the informer was staying in defendant's home, defendant furnished LSD to the informer; evidence that on February 24th defendant sold the informer

what purported to be "two caps" of LSD. There is no evidence of representations by the informer in connection with this sale. Although the informer and defendant were friends, the informer testified he had no knowledge that defendant was trying to stay off of dope. Defendant admitted he "did drugs" prior to February 24th and that "on more than one occasion" he procured for the informer what he thought was LSD.

 The foregoing evidence goes toward defendant's predisposition to commit the crime. It goes to the credibility of defendant's testimony which asserts the informer's representations were the inducing cause of his crime. This evidence raises a factual issue " * * * whether the informer had convinced an otherwise unwilling person to commit a criminal act or whether [defendant] was already predisposed to commit the act and exhibited only the natural hesitancy of one acquainted with the narcotics trade. * * *" Sherman v. United States, supra. There being conflicts in the evidence on the entrapment issue, the trial court properly refused to rule there was entrapment as a matter of law. Masciale v. United States, 356. U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859 (1958). Compare State v. Sanchez, supra.

The judgment and sentence is affirmed. It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.