487 P.2d 923

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Raymond A. MARTINEZ, Defendant-Appellant.**

**No. 691.**

Court of Appeals of New Mexico.

July 16, 1971.

Lowell E. McKim, Denny, Glascock & McKim, Gallup, for defendant-appellant.

David L. Norvell, Atty. Gen., C. Emery Cuddy, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

Defendant appeals his conviction of four counts of unlawfully selling marijuana. Section 54-5-14, N.M.S.A.1953 (Repl.Vol. 8, pt. 2). The defendant claims he was entrapped as a matter of law and the trial court erred in submitting the issue of entrapment to the jury.

State v. Sanchez, 79 N.M. 701, 448 P.2d 807 (Ct.App.1968) states:

"* * * A defendant can be said to have been entrapped only when the officers or agents originate the criminal intent or design and use undue persuasion or enticement to induce defendant to commit the crime with which he is charged. He has not been entrapped if the officers or agents merely offer him an opportunity to commit an offense which he is ready and willing to commit. * * *"

Defendant testified that he never had anything to do with narcotics prior to the episodes involved in this case. He admitted the marijuana sales. In response to a question as to what conversations he had with Warren, the undercover agent, the defendant testified:

"Yes, sir. He suggested that—he kept asking me all the time about marijuana, or whether I could obtain any, and being that I had financial difficulties and my wife was expecting a baby and the daughter having problems, I gave it my most consideration for almost a month or two, and I finally told Mr. Warren that I could get marijuana so that we could make a profit from it."

Defendant's testimony raises a factual issue as to whether the agent used "undue persuasion or enticement to induce Defendant to commit the crime." Entrapment did not occur merely because the undercover agent offered defendant an opportunity to involve himself in marijuana sales. In addition, there must be improper inducement. State v. Akin, 75 N.M. 308, 404 P.2d 134 (1965); State v. Roybal, 65 N.M. 342, 337 P.2d 406 (1959). According to defendant, he was having "financial difficulties." He gave the agent's suggestion his "most consideration for almost a month or two" before deciding to obtain the marijuana and "finally" agreed to involve himself in marijuana for a profit. This testimony raised a factual issue as to whether the criminal conduct was the product of the creative activity of the agent. State v. Sena, 82 N.M. 513, 484 P.2d 355 (Ct.App.1971). There being a factual issue, the trial court properly refused to find entrapment as a matter of law.

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY and SUTIN, JJ., concur.