499 P.2d 378

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Alfonso A. RODRIGUEZ, Defendant-Appellant.**

**No. 874.**

Court of Appeals of New Mexico.
June 30, 1972.

Harvey C. Markley, Lovington, for appellant.

David L. Norvell, Atty. Gen., Victor Moss, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

SUTIN, Judge.

Rodriguez was convicted and sentenced for selling heroin contrary to § 54–7–14, N.M.S.A.1953 (Repl.Vol. 8, pt. 2). He appeals.

We affirm.

Rodriguez claims error in three respects, (1) refusal to give instructions on entrapment; (2) refusal to divulge name of informant; (3) no substantial evidence of conviction.

1. *No Error on Refusal to Instruct on Entrapment.*

▇▇ Rodriguez voluntarily sold heroin to an undercover agent of the New Mexico State Police and to an informer. No evidence of entrapment (undue persuasion or enticement to induce defendant to commit a crime, State v. Martinez, 83 N.M. 13, 487 P.2d 923 (Ct.App.1971); State v. Sena, 82 N.M. 513, 484 P.2d 355 (Ct.App.1971),

was introduced at the trial. A party is entitled to an instruction on his theory of the case only when there is evidence which will reasonably tend to support his theory. See State v. Durham, 83 N.M. 350, 491 P.2d 1161 (Ct.App.1971). It was not error to refuse to instruct on the issue when no evidence was offered. State v. Akin, 75 N.M. 308, 404 P.2d 134 (1965).

### 2. No Error on Refusal to Divulge Informant.

■ At the close of the state's case, Rodriguez complained of the state's reluctant refusal to disclose the name and identity of the informer. The trial court overruled the objection because the state's only witness did not know who the informer was, and there was no showing whatever of prejudice to Rodriguez or how it might help him to know the name of the informer. Failing a showing by defendant that the informer's testimony was highly material to his defense a disclosure is not required. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Here the informant was not the sole participant as in Roviaro. The undercover agent also made an independent buy. The informant's testimony was not highly material. There was no error committed on this issue.

### 3. There was Substantial Evidence of Guilt.

■ We have reviewed the record and find there was substantial evidence of guilt of Rodriguez as charged. State v. Paul, 83 N.M. 619, 495 P.2d 797 (Ct.App.1972).

Affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.