502 P.2d 1014

STATE of New Mexico, Plaintiff-Appellee,

v.

Johnny Ray McCOWN, Defendant-Appellant.

No. 946.

Court of Appeals of New Mexico.

Oct. 20, 1972.

Harvey C. Markley, Lovington, for defendant-appellant.

David L. Norvell, Atty. Gen., Frank N. Chavez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of unlawful possession of more than one ounce of marijuana, defendant appeals. See §§ 54–9–3 and 54–9–4, N.M.S. A.1953 (Repl.Vol. 8, pt. 2, Supp.1971). There are two issues.

First, defendant asserts the trial court erred in not directing the State to disclose the identity of an informant. Disclosure is not required unless there is a showing by defendant that the informer's testimony is highly material to his defense. State v. Rodriguez, 84 N.M. 60, 499 P.2d 378 (Ct.App.1972). In this court defendant argues the materiality question. No such claim was made before the trial court and will not be considered here. State v. Aragon, 82 N.M. 66, 475 P.2d 460 (Ct.App.1970).

Second, defendant asserts a State witness, over his objection, was permitted to testify as to the result of a "field test" even though the witness was not qualified to do so. The record shows the witness was asked, on the basis of his training and experience, if he had *formed an opinion* as to whether the material seized was marijuana. Defendant objected that the witness was not qualified to give an opinion. The trial court ruled the witness could give his opinion and state what he thought the material to be. Defendant claims the trial court permitted " . . . a pure hearsay and unqualified answer to be given. . . . " Defendant misreads the record.

The witness had previously testified, without objection, that he suspected the seized material to be marijuana. Defendant's objection came when the witness was asked if he had formed an opinion as to the substance of the material seized. After the trial court's ruling, the witness did not express an opinion, nor did he say he had formed an opinion. The answer was: " . . . I ran a test on it from a field kit and it did indicate it was possibly positive" for the active ingredient of marijuana. There was no objection to this answer; thus, no objection to the "field test" result. Further, the answer was not hearsay and went no further than a "possibly positive." The witness testified that with this result the material is turned over to a chemist for analysis. This was done; a biochemist identified the substance as marijuana. There was no error. State v. McAdams, 83 N.M. 544, 494 P.2d 622 (Ct.App.1972).

Affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.