519 P.2d 1180

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**John David ROMERO, Defendant-Appellant.**

**No. 1239.**

Court of Appeals of New Mexico.

Feb. 20, 1974.

Peter B. Shoenfeld, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Agustin T. Gurule, Jane E. Pendleton, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of trafficking in a controlled substance (heroin). Section 54–11–20(A)(2), N.M.S.A.1953 (Repl. Vol. 8, pt. 2, Supp.1973). The issues concern: (1) jurisdiction; (2) subject and title of the statute; (3) false answer by a juror; (4) admissibility of certain evidence; (5) heroin as a narcotic drug; (6) entrapment as a matter of law; and (7) lesser included offense.

### Jurisdiction.

Defendant asserts that a natural person is not included within the definition of "person" set forth in § 54–11–2(R), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp. 1973). On this basis he asserts the trial court had no jurisdiction. This point was decided adverse to defendant's contention in State v. McHorse, 85 N.M. 753, 517 P. 2d 75 (Ct.App.1973).

### Subject and title of the statute.

Defendant claims the trial court erred in denying his motion to dismiss the indictment on the ground that the statute, of which § 54–11–20(A)(2), supra, is a part, violates the requirements of N.M.Const., Art. IV, § 16. The statute is Laws 1972, ch. 84. There are two points to this contention; both are without merit.

The title reads:

"An Act Relating To Drugs; Defining Controlled Substances And Dangerous Drugs; Providing For Administration; Providing Penalties; Amending And Repealing Certain Sections; And Declaring An Emergency."

██ The first point relies on the constitutional provision which states that "no bill embracing more than one subject shall be passed." Defendant claims that the statute involved embraces more than one subject. For example, he asserts that the statute is concerned with "drugs" and with "cosmetics." He contends that cosmetics and drugs are two subjects. We do not agree. Portions of the statute amend sections of New Mexico's Drug and Cosmetic Act, but changes made by the amendments are concerned with drugs. Various sections within Laws 1972, ch. 84 amend other laws, but the amendments are concerned with drugs.

"Subject" in the constitutional provision "is to be given a broad and extended meaning so as to authorize the legislature to include in one act all matters having a logical or natural connection." Silver City Consol. Sch. Dist. No. 1 v. Board of Regents, 75 N.M. 106, 401 P.2d 95 (1965). If the details within the body of the legislative act are "relative directly, or indirectly, to the main subject, having a mutual connection, and not foreign to the main subject, or so long as the provisions are of the some [sic] nature and come legitimately under one general denomination or subject, the act cannot be held unconstitutional." State v. Ingalls, 18 N.M. 211, 135 P. 1177 (1913).

Under the above quoted meaning of "subject," Laws 1972, ch. 84 does not contain more than one subject.

██ The second point of the title contention involves § 54–11–20, supra. This section is concerned with trafficking in controlled substances. Defendant claims that "trafficking" is not included in the title of the statute.

City of Albuquerque v. Garcia, 84 N.M. 776, 508 P.2d 585 (1973) states that the title need not set forth the details of an enactment; however, statutory details must be germane or related to the subject matter expressed in the title. The prohibition on trafficking is a detail germane to drugs, their administration and penalties. There is no constitutional violation.

*False answer by juror.*

██ After the jury had been selected and sworn, defendant raised the possibility that one of the jurors may have responded inaccurately or untruthfully to a question asked of the entire jury panel during voir dire. The asserted question went to whether any of the panel had ever been a military policeman. According to defendant, he subsequently learned that one of the jurors, in another case, had stated he had been a military policeman. Also, according to defendant, the juror made no response when the question was addressed to the panel in this case.

The prospective juror has a duty to make full and truthful answers to questions that are asked. Mares v. State, 83 N.M. 225, 490 P.2d 667 (1971). On this record we cannot say this duty was violated. The questions to and answers of the prospective jurors were not recorded. Defendant admitted to the trial court that he was uncertain as to the exact language of his question. In addition, all we have is counsel's assertion as to the juror's failure to respond to the question. The record is not established by statements of counsel. State v. Maes, 81 N.M. 550, 469 P.2d 529 (Ct.App.1970). There is no basis for holding that the juror failed to respond fully and truthfully to an asserted question not supported by the record.

██ Defendant's contention is not based on the alleged question and the alleged lack of response by the juror. Defendant's claim is that he raised the possibility of an inaccurate response to the trial court and having raised that possibility, the trial court erred in failing to inquire further into that possibility. Defendant asserts the lack of inquiry by the trial court denied him the right to an impartial jury.

Defendant never asked the trial court to inquire further. Once the possibility of an inaccurate response was raised, the prosecutor stated he had no objection to the trial court questioning the juror. Defendant's position in the trial court was that because the possibility of an inaccurate response existed, the juror "cannot serve as a fair and impartial juror." That possibility provided no factual basis for discharge of the juror.

The issue, then, is limited to the question of whether the trial court erred in failing to make an inquiry that defendant did not ask it to make. Since a request for an inquiry was never presented to the trial court, the error claimed is being raised for the first time on appeal. Accordingly it will not be decided. See State v. Lopez, 84 N.M. 402, 503 P.2d 1180 (Ct.App.1972).

### Admissibility of Evidence

Three items of evidence are contested.

The first item is Exhibit 1A. This exhibit was a plastic bag containing nine tin foil packets. The contents of the packets were identified as heroin. Defendant asserts the chain of custody was not established and that Exhibit 1A was improperly admitted. The contention is based on the fact that Investigator Lino Martinez testified he delivered the exhibit to Investigator Freddie Martinez. Freddie denied that he received Exhibit 1A from Lino; rather, he testified that he received, and delivered to the court Exhibit 1. The evidence is that Exhibit 1, delivered by Lino to Freddie, was a manila envelope. This manila envelope was opened during the trial. It contained Exhibit 1A. There was no break in the chain of custody and Exhibit 1A was properly admitted under State v. Chavez, 84 N.M. 760, 508 P.2d 30 (Ct.App.1973).

■ The second item concerns testimony of a witness that defendant stated he knew where a person could purchase heroin. Defendant argues that the statement was inadmissible on several grounds. We consider only the contention made to the trial court. State v. Trujillo, 85 N.M. 208,

510 P.2d 1079 (Ct.App.1973). The objection to admissibility at trial was that the statement was hearsay. A statement is not hearsay if the statement is offered against a party and is the party's own statement made in his individual capacity. Rule 801(d)(2)(A), New Mexico Rules of Evidence. See Proposed Rules of Evidence for United States Courts and Magistrates, Advisory Committee Note to Rule 801 (d)(2)(A). Compare State v. Aragon, 85 N.M. 401, 512 P.2d 974 (Ct.App.1973).

■ The third item pertains to testimony concerning a threat made by defendant slightly more than a month after the heroin offense involved in this appeal. The threat was to the effect that if the witness had turned defendant in for the sale of heroin, defendant would kill the witness. Defendant objected that the testimony was hearsay. The discussion in the preceding paragraph answers this contention; it was not hearsay. Defendant also objected that the testimony was irrelevant to the heroin charge committed more than a month earlier. Relevancy is that which tends to establish a material proposition. State v. Thurman, 84 N.M. 5, 498 P.2d 697 (Ct. App.1972). The testimony as to the threat tended to establish that defendant had in fact sold heroin. This was a material proposition because defendant was charged with unlawful trafficking in heroin. The testimony was relevant.

### Heroin as a Narcotic Drug

By motion for directed verdict and by requested instructions defendant raised the question as to whether heroin was a narcotic drug. The trial court denied the motion and refused the requests. The jury was instructed that heroin was a narcotic drug. Defendant claims all the foregoing was error; he asserts that whether heroin is a narcotic drug is a factual question for the jury to determine from evidence introduced at trial.

■ The answer is provided by the statutes. Section 54-11-2(P), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973) includes opi-

um and any derivative of opium within the definition of narcotic drug. Section 54–11–6(B)(10), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973), lists heroin as one of the opium derivatives. By statutory definition, heroin is a narcotic drug. State v. Atencio, 85 N.M. 484, 513 P.2d 1266 (Ct.App. 1973). The trial court did not err in its handling of the various requests of defendant raising this issue, and did not err in instructing the jury, as a matter of law, that heroin was a narcotic drug.

### Entrapment as a Matter of Law

Defendant moved for a directed verdict on the basis that the evidence shows entrapment as a matter of law. He claims the trial court erred in denying this motion.

The basic issue presented is the legal definition of entrapment. Applying State v. Roybal, 65 N.M. 342, 337 P.2d 406 (1959) in prior cases, this court was concerned with a defendant's predisposition to commit the offense and with whether law enforcement personnel had used undue persuasion or enticement to induce defendant to commit the crime. State v. Martinez, 83 N.M. 13, 487 P.2d 923 (Ct.App.1971); State v. Sena, 82 N.M. 513, 484 P.2d 355 (Ct.App.1971). Our concern with "predisposition" and "undue persuasion or enticement" was based on the fact that "[e]ntrapment does not occur unless the criminal conduct was the product of the creative activity of law enforcement officials." State v. Sena, supra. In State v. Sainz, 84 N.M. 259, 501 P.2d 1247 (Ct. App.1972), we held the State's creative activity had reached an intolerable level and that there was entrapment as a matter of law.

Defendant urges that State v. Sainz, supra, applies and is controlling. The State urges that the Federal authority relied on in Sainz, supra, was reversed in United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), that we should reconsider Sainz, supra, and follow the pre-Sainz entrapment decisions of this court. The different positions are on the basis that Sainz places primary emphasis on the conduct of law enforcement personnel while pre-Sainz decisions were primarily concerned with defendant's predisposition to commit the crime.

It is unnecessary to resolve the different positions in this case. Here there were factual questions concerning defendant's predisposition to commit the crime, and concerning the extent of the law enforcement activity. Consequently, under any definition of entrapment advanced by the parties, the issue of entrapment was for the jury to resolve. Although no issue is raised concerning the entrapment instruction given, we note that the jury was instructed concerning defendant's predisposition, concerning undue persuasion or inducement by law enforcement representatives, and as to whether government participation had reached an intolerable degree. The trial court did not err in refusing to rule there was entrapment as a matter of law.

### Lesser Included Offense

The trafficking offense charged involves the distribution, sale, barter or giving away of a specified controlled substance. See § 54–11–20(A)(2), supra. The trial court instructed the jury as to the material elements of that offense

Defendant requested that the jury be instructed concerning a lesser included offense. According to defendant, the lesser included offense is possession of a controlled substance. See § 54–11–23(B)(5), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp. 1973). In urging the refusal of the requested instruction was error, defendant cites decisions from other jurisdictions which tend to support his claim that "possession" is a lesser offense included within the trafficking offense. We assume that possession is a lesser included offense and that there was evidence supporting the lesser charge. These assumptions do not benefit defendant in this case.

For the preservation of error in the case of failure to instruct on an issue, a corrrect written instruction must be tendered before the jury is instructed. Section 41–23–41(g), N.M.S.A.1953 (2nd

Repl.Vol. 6, Supp.1973). The failure to instruct on a lesser included offense is not error because a correct written instruction was not tendered. The tendered instruction was incorrect in that it would have submitted to the jury, as a factual question, whether heroin was a narcotic drug. Earlier in this opinion we pointed out that heroin is a narcotic drug as a matter of law. The trial court did not err in refusing the incorrect requested instruction. So holding, we do not consider the effect of defendant's admission to the jury that he had in fact trafficked in a controlled substance.

On the issues presented, the judgment and sentence is affirmed.

In so holding, we recognize that the validity of defendant's sentence is affected by State v. Herrera (Ct.App.), 86 N.M. 134, 520 P.2d 554, decided January 23, 1974. An application for certiorari was filed with the New Mexico Supreme Court on January 28, 1974. Any action in connection with defendant's sentence should be deferred pending New Mexico Supreme Court action in *Herrera,* supra.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.