This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38299**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHRISTOPHER LEE LUCERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Anne Minard, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Christopher Lee Lucero appeals his convictions for two counts of being a felon in possession of a firearm, in violation of NMSA 1978, Section 30-7-16(A) (2001, amended 2020).[1] Defendant argues that (1) his two convictions subjected him to double jeopardy; and (2) both trial testimony regarding an outstanding warrant and Defendant's admission to stealing the firearms at issue were improperly admitted into

---

[1] All references to Section 30-7-16(A) in this opinion are to the 2001 version of the statute.

evidence. For the reasons that follow, we vacate one of Defendant's convictions on double jeopardy grounds. We otherwise affirm.

## BACKGROUND

**{2}**     Sergeant Matthew Rael was called to a store regarding a shoplifting incident and was instructed to interview a witness to the incident who was driving a teal truck. Once Sergeant Rael located the witness's truck, he checked the registration and found that the registered owner had an active arrest warrant. He pulled up behind the truck, approached the driver's side, and found Defendant in the driver's seat. Sergeant Rael asked Defendant to step out of the truck, obtained his identification, determined he was the subject of the warrant, and placed him under arrest. Sergeant Rael searched Defendant and found an attachment on his belt that held a gun holster. After the arrest, Sergeant Rael performed an inventory search of the truck, which revealed a loaded 12-gauge shotgun underneath the back seat and a .357 magnum revolver inside a holster in the front passenger seat that was consistent with the holster attachment Defendant was wearing.

**{3}**     After locating the firearms, Sergeant Rael immediately read Defendant his *Miranda* rights. Sergeant Rael then asked Defendant if he would speak to him and Defendant agreed. During this conversation, Defendant admitted to stealing his father's shotgun and revolver and said he was going to go shoot them. He also admitted to being a convicted felon and being unable to possess firearms. The audio recording of this conversation was played to the jury during Defendant's trial. The jury convicted Defendant of two counts of being a felon in possession of a firearm. Defendant now appeals.

## DISCUSSION

### I.     Double Jeopardy Claim

**{4}**     Defendant first argues, and the State concedes, that his two felon in possession convictions violate double jeopardy and require us to vacate one count. While we are not bound by the State's concession, *State v. Tapia*, 2015-NMCA-048, ¶ 31, 347 P.3d 738, we accept the concession because we conclude that it is supported by our precedent. *See State v. Benally*, 2019-NMCA-048, ¶¶ 23-24, 448 P.3d 592 (holding there was not sufficient indicia of distinctness to uphold two separate convictions for possession of a deadly weapon by a prisoner when two makeshift weapons were found in different areas of the defendant's bunk within an arm's length of one another and that one conviction must be vacated); *Mendoza v. Franco*, No. S-1-SC-37377, dec. ¶ 5 (N.M. Sup. Ct. Oct. 31, 2019) (non-precedential) (vacating one of the defendant's convictions under Section 30-7-16, the felon in possession of a firearm statute, when the defendant was found with two firearms in his vehicle). Therefore, we conclude that one of Defendant's two convictions for being a felon in possession of a firearm violates double jeopardy and must be vacated.

## II. Evidentiary Claims

**{5}** Defendant's second claim of error is directed toward the district court's admission of evidence of the outstanding arrest warrant and of the portion of Defendant's recorded statement in which he states that he had stolen the firearms found in his car from his father. Defendant contends that this evidence was irrelevant and unduly prejudicial contrary to Rule 11-403 NMRA. Defendant further contends that the State did not meet its burden to establish that evidence of either was admissible under Rule 11-404(B) NMRA. We address Defendant's arguments in turn.

**{6}** "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize [the ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). We will find an abuse of discretion when the "[district] court's decision was obviously erroneous, arbitrary or unwarranted." *State v. Trujillo*, 2002-NMSC-005, ¶ 15, 131 N.M. 709, 42 P.3d 814 (internal quotation marks and citation omitted).

## A. The District Court Did Not Abuse Its Discretion in Admitting the Evidence Based on Relevancy

**{7}** Defendant argues neither the existence of a warrant nor the portion of the recorded statement referencing the theft of the firearms was relevant to a conviction regarding being a felon in possession of a firearm. "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence, and . . . the fact is of consequence in determining the action." Rule 11-401 NMRA. "[Relevant evidence] tends to establish a material proposition." *State v. Romero*, 1974-NMCA-015, ¶ 18, 86 N.M. 99, 519 P.2d 1180.

**{8}** We disagree with Defendant's claim that this evidence was not relevant. Evidence that Defendant was the subject of an arrest warrant was material to explain why Sergeant Rael detained him, why he was read his *Miranda* rights, and why Sergeant Rael proceeded to question him. We find no abuse of discretion in the district court's admission of this evidence, as it provided necessary background for the jury to understand Defendant's progression from a witness to a possible crime to being placed under arrest himself. *See State v. Vance*, 2009-NMCA-024, ¶ 21, 145 N.M. 706, 204 P.3d 31 (holding the admission of a PowerPoint used for context for other relevant testimony was not an abuse of discretion).

**{9}** The portion of Defendant's recorded statement in which he mentions the theft of the firearms was relevant and material as well. Defendant's statement, in which he explains that he stole the firearms from his father, established that the firearms were in his possession. Because possession is an essential element of the statute Defendant

was charged with violating, UJI 14-701 NMRA, Defendant's recorded statement was relevant and we see no abuse of discretion in its admission.

## B. The District Court Did Not Abuse Its Discretion in Admitting the Evidence Under Rule 11-404(B)

**{10}** Defendant also argues admitting evidence of the warrant and the portion of the recorded statement referencing the theft is prohibited under Rule 11-404(B) because they are evidence of other "bad acts." He argues the admission of this evidence was an abuse of discretion because the State did not meet its burden of demonstrating the evidence was admissible under Rule 11-404(B) for some other reason.

**{11}** "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 11-404(B)(1). However, under Rule 11-404(B)(2), evidence of crimes, wrongs, or other acts "may be admissible for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The list of permissible uses of prior bad acts evidence under Rule 11-404(B)(1) "is not exhaustive." *State v. Romero*, 2019-NMSC-007, ¶ 27, 435 P.3d 1231. Before admitting evidence under Rule 11-404(B)(2), "the [district] court must find that the evidence is relevant to a material issue other than the defendant's character or propensity to commit a crime, and must determine that the probative value of the evidence outweighs the risk of unfair prejudice, pursuant to Rule 11-403." *State v. Otto*, 2007-NMSC-012, ¶ 10, 141 N.M. 443, 157 P.3d 8. Further, "Rule 11-404(B) is a rule of inclusion, not exclusion, providing for the admission of all evidence of other acts that are relevant to an issue in trial, other than the general propensity to commit the crime charged." *State v. Bailey*, 2017-NMSC-001, ¶ 14, 386 P.3d 1007 (alteration, internal quotation marks, and citation omitted).

**{12}** Under Rule 11-404(B)(2), referring to the warrant for Defendant's arrest is admissible for the purpose of explaining Defendant's detention by Sergeant Rael. As we previously noted, mentioning the warrant was necessary to explain how Sergeant Rael came into contact with Defendant, and prevented the jury from speculating as to the reason for Defendant's detention by law enforcement. *See Otto*, 2007-NMSC-012, ¶ 12 (stating that context may be a proper purpose to admit evidence under 11-404(B)). Furthermore, reference to Defendant's theft of the firearms is admissible for proving "intent." Rule 11-404(B)(2). Because Defendant was found with the firearms in his car, the admission that he stole the firearms from his father explains that he intended the theft, that he exerted control over the firearms, and that they were not in the possession of someone else. Thus, the probative value of the evidence of the warrant and that Defendant stole the firearms outweighs any unfair prejudice to Defendant. We therefore conclude that the district court did not abuse its discretion by admitting evidence of the warrant and Defendant's theft of the firearms.

## C. Even Assuming the District Court Abused Its Discretion in Admitting Evidence Under Rule 11-403, Any Such Error Was Harmless

**{13}**    Defendant argues both the existence of a warrant and the theft of the firearms were highly prejudicial and intended as propensity evidence. He argues that if either was relevant, they are more prejudicial than probative under Rule 11-403 because they were inflammatory. *See* Rule 11-403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice[.]"). In arguing that admitting the evidence was an abuse of discretion under Rule 11-403, Defendant states that "the evidence unquestionably made the jury more likely to convict" and refers to "the State's blatant use of prior uncharged conduct to sway the jury." Even if we were to assume that the admission of Defendant's warrant and the portion of the admission regarding the theft of the firearms was an abuse of discretion under Rule 11-403, we conclude that any such error was harmless for the reasons that follow.

**{14}**    "A non-constitutional error requires reversal when there is a reasonable probability that misconduct contributed to the defendant's conviction." *State v. Leyba*, 2012-NMSC-037, ¶ 24, 289 P.3d 1215 (alteration, internal quotation marks, and citation omitted). "To judge the 'probable' effect of an evidentiary error, courts must evaluate all circumstances surrounding the error." *Id.* "We examine the error itself, including the source of the error and the emphasis placed on the error at trial." *Id.* "To put the error in context, we often look at the other, non-objectionable evidence of guilt, not for a sufficiency-of-the-evidence analysis, but to evaluate what role the error played at trial." *Id.* Such an analysis is done case-by-case. *Id.*

**{15}**    Our review of the record indicates that evidence of the warrant and Defendant's admission that he stole the firearms from his father were not unduly emphasized at trial. Sergeant Rael mentioned the warrant only twice to explain how he encountered Defendant and why he detained him. The State did not continue to question Sergeant Rael about the warrant after he mentioned it nor did the State mention the warrant in its closing argument. Further, the State did not ask Sergeant Rael whether the firearms were stolen. Instead, when testifying about his communication with Defendant, Sergeant Rael explained that Defendant stated he had taken the firearms from his residence and that he was going to shoot them. In the audio recording, Defendant stated he stole the firearms from his father and explained that he did not have to break into the house to take them because he lived there. As with the warrant, the State did not question Sergeant Rael about Defendant stealing the firearms after the audio was played for the jury or mention that they were stolen in closing argument. Although the warrant and Defendant's admission to stealing the firearms were mentioned briefly, they were not unduly emphasized by the State.

**{16}**    Moreover, evidence of Defendant's guilt, separate and apart from the evidence Defendant challenges, supports our conclusion that any error was harmless. The jury was presented with evidence that Defendant was driving a truck by himself that contained firearms, including a revolver in a holster that matched the holster attachment Defendant was wearing. Both the firearms and holster were admitted into evidence. Further, the jury heard Sergeant Rael's testimony regarding his conversation with Defendant in which he admitted to being a felon and possessing firearms. The district

court also admitted a judgment and sentence form that identified Christopher Lucero, with the same date of birth and social security number as Defendant, as pleading guilty to a charge under Section 30-31-20, a class F2 offense, with a nine-year suspended sentence. Finally, the evidence included a separate portion of Defendant's recorded admission to Sergeant Rael, which Defendant does not argue was improperly admitted on appeal, that he was a felon and he intended to shoot the firearms. Under these facts and circumstances, we conclude that if the district court committed error in the admission of the evidence, such an error was harmless.

**CONCLUSION**

**{17}**    We remand this case to the district court with instructions to vacate one of Defendant's convictions for being a felon in possession of a firearm. We affirm Defendant's remaining conviction.

**{18}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**