Gilbert Montanez GONZALES, and Creighton Albert Walsh, Appellants,

v.

UNITED STATES of America, Appellee.

No. 15658.

United States Court of Appeals Ninth Circuit.

Jan. 17, 1958.

David C. Marcus, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and CLARK, District Judge.

CLARK, District Judge.

This is an appeal by Gilbert Montanez Gonzales and Creighton Albert Walsh from a judgment of conviction of "knowingly and unlawfully selling and facilitating the sale of approximately 52 grains of heroin and approximately 30 ounces of bulk marihuana".

On Page four of Appellants' brief it is stated: "The sufficiency of the evidence is not questioned on this appeal. The sole issue is that appellants, as a matter of law, were the subject of entrapment by Federal narcotic agent Jones and special employee Baker". We need only deal with the question of entrapment here.

The record shows that one Baker, a witness called at the trial by the defendants, testified that he had been contacted by appellant Walsh, and that Walsh approached him "with a deal from Gonzales". After this contact, Baker conveyed the information to Jones, a Government narcotics agent. The record shows that at this time Baker became a special employee for the Narcotics Bureau.

After this, and within a day or two, Jones and Baker visited appellants at Walsh's Garage in Pomona. After introductions the subject of narcotics was brought up and after some discussion Agent Jones requested a sample of the narcotics. The records show that after several contacts and telephone conversations Agent Jones and an Agent Chappell met with the appellants in the early part of September and purchased 52 grains of heroin. Thereafter, about the latter part of September, appellants delivered to Agent Jones thirty ounces of marihuana. This delivery was made in appellant Walsh's automobile. The inside portion

of the heater had been removed, leaving only the box, where the narcotics were cleverly concealed.

■ Where one is ready and willing to violate the law, the fact that an agent or agents of the Government affords the opportunity for such violation certainly is no defense.

As to the legality of the alleged entrapment, this Court covered the matter fully in the case of Trice v. United States, 211 F.2d 513.

■ It is noted in the instant case that the information, in the first instance, was given to the Government agent by a man who was not an agent nor an employee of the government in any capacity. True, he was later a special employee of the Narcotics Bureau. As stated in Appellee's brief, "Unlawful entrapment is concerned solely with acts done by agents of the Government." Polski v. United States, 8 Cir., 33 F.2d 686.

Developments in this case, after the information was delivered to the Agent by Baker, leave no doubt in this Court's mind but what the appellants were predisposed to unlawfully sell and deliver narcotics. The fact that there was a second sale of narcotics, unsolicited in any manner, according to the record, shows conclusively that appellants were prepared to continue in this illegal business.

Reference is made by appellants to the case of United States of America v. Klosterman, 3 Cir., 248 F.2d 191, and appellants contend that the decision of the Court therein is controlling in the instant case. We cannot agree with this contention. The facts, as set out in that opinion, show an entirely different pattern. The tactics of the Government officers in the Klosterman case were entirely different than outlined in the record of the instant case.

The Klosterman case dealt with conviction for the offense of bribery. We see a distinction; in fact, the Court in that case, on page 196, points out a distinction where it says: "It is our view that in a crime of this nature, occurring as it does usually only once and not in a series, is not like the sale of narcotics or of contraband liquor, so it is virtually impossible to show a course of conduct".

■ We think it unnecessary to go into the matter of rulings on the evidence during trial. There is nothing in the record to warrant the defense of entrapment.

The Judgment of the trial court is affirmed.