**Clifton Peter BORNE and Donald Joseph Walker, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 20459.**

United States Court of Appeals Fifth Circuit.

June 5, 1964.

Rehearing Denied July 16, 1964.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Dean A. Andrews, Jr., James T. Davis, Marcel J. Meunier, Jr., New Orleans, La., for appellants.

Peter E. Duffy, John C. Ciolino, Asst. U. S. Attys., Louis C. LaCour, U. S. Atty., New Orleans, La., for appellee.

Before CAMERON,* WISDOM and GEWIN, Circuit Judges.

PER CURIAM:

Appellants were convicted for unlawfully selling a quantity of marihuana cigarettes in violation of 21 U.S.C.A. § 176a and 26 U.S.C.A. § 4742(a). The case was tried by a jury. Appellant Borne contends that the statutory presumption [1] embodied in 21 U.S.C.A. § 176a violates his constitutional rights. Appellant Walker contends that his conviction is invalid by reason of entrapment.

■■ After a careful consideration of the entire record, we find to the contrary. The constitutionality of the presumption contained in 21 U.S.C.A. § 176a, relating specifically to the importation, possession and sale of narcotic drugs, has been consistently upheld. Manning v. United States, 5 Cir., 1960, 274 F.2d 926. A legislative presumption of one fact from evidence of another does not constitute a denial of due process of law when there is some rational connection between the fact proved and the ultimate fact presumed. Barrett v. United States, 5 Cir., 1963, 322 F.2d 292.

■■ The undisputed testimony contained in the record disclosed that it was appellant Walker who initiated the proposal to sell marihuana to Agent Robinson on their first meeting, and it was he who was the principal figure in bringing appellant Borne into negotiations for the subsequent sale of marihuana. When the actions of government agents "merely afford opportunities or facilities for the commission of the offense" there has been no entrapment. Sorrells v. United States, (1932) 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413. Such were the facts in this case. Therefore, the convictions are affirmed.

It should be observed that Judge Cameron participated in the hearing and decision of this cause but died before the opinion was filed. See 28 U.S.C.A. § 46.

---

* Judge Cameron participated in the hearing and decision of this cause but died before the opinion was filed. See 28 U.S. C.A. § 46.

1. A presumption that links possession to smuggling. 21 U.S.C.A. § 176a:
"Smuggling of marihuana; penalties; evidence; definition of marihuana. * * *

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury." (Only the pertinent portion of the Section is quoted.)