**Francisco MALTOS–ROQUE, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 23995.**

United States Court of Appeals
Fifth Circuit.

July 12, 1967.

Harold L. Valderas, Fort Worth, Tex., for appellant.

Robert S. Travis, Asst. U. S. Atty., Fort Worth, Tex., Melvin M. Diggs, U. S. Atty., for appellee.

Before RIVES, WISDOM and GOLDBERG, Circuit Judges.

RIVES, Circuit Judge:

Appellant was convicted of receiving, concealing and facilitating the transportation of illegally imported marihuana in violation of 21 U.S.C.A. § 176a. After reviewing his grounds for vitiating the conviction, we hold that there were no errors meriting reversal. We find that there was ample evidence to support the conviction and that the marihuana introduced into evidence was not the product of an illegal search and seizure.

On February 2, 1966, United States Customs agents were told by Mexican police officials that appellant had been smuggling marihuana into this country. On February 13, 1966, the agents were notified by an informant, whose information had proved reliable on previous occasions, that during the next 24-hour period appellant was going to enter the United States at Del Rio, Texas, from Mexico, with 100 pounds of marihuana. The informant told the agents that appellant would be driving a blue 1962 Ford with the 1965 Texas license number HCF 328 and that he would be wearing a western cowboy hat. Customs Agent Daniel Bancock dispatched two Customs Port investigators to the Del Rio port of entry to watch for the described automobile. On February 14, 1966, around 1:00 P.M., Bancock was advised by the informant that appellant had entered the United States in the previously described automobile with over 100 pounds of marihuana, which was to be delivered to persons in Chicago, Illinois. The agent was further told that appellant was accompanied by a woman and a small child. Realizing that appellant was not apprehended by the investigators at Del Rio, Bancock sent agents to various surveillance points on roads leading from Del Rio into the interior of Texas.

Agent George Pride was sent to a crossroad in Commanche, Texas. At approximately seven-thirty in the evening, Pride observed the blue 1962 Ford automobile with the 1965 license number HCF 328, driven by a Mexican male wearing a cowboy hat and accompanied by a woman. Pride stopped the car, observed that a young child was with the adults, and, after identifying himself, asked the appellant who was driving to step out. Searching the appellant for weapons, Pride discovered a large quantity of .22 cartridges and asked for the pistol. The woman, who was identified as appellant's wife, reached into the car's glove compartment and handed a loaded pistol to the agent.

At the time the automobile was stopped, night had begun and the temperature was seasonably cold. Appellant's wife was six-months pregnant and the small child was only twenty-months old. Pride, dressed in civilian clothes, was not accompanied by another law enforcement officer. Handcuffing the appellant, he took the appellant and his family in their car to the Commanche police station so that the appellant could be kept under surveillance and the pregnant woman and the child could be sheltered from the cold night temperatures and wind while Pride searched the automobile. The police station was approximately one mile from where the appellant's car was stopped. Within ten minutes after the arrival at the police station, Pride began his search, which resulted in the discovery of several packages of marihuana. Thereafter, appellant was arrested and his automobile seized, pursuant to the provisions of 49 U.S.C.A. § 782 permitting seizure and forfeiture of automobiles used to trans-

port contraband.[1] Other agents were notified of the arrest and upon their arrival a more thorough search of the automobile was made. A total of 101 packages of marihuana was removed from the door panels, fender wells, seats and trunk of the automobile.

■■ We hold that the search of appellant's automobile was a valid, reasonable search. Police officers may stop a moving vehicle and search it without a warrant where probable cause exists to believe that the vehicle is "carrying contraband or illegal merchandise" and there is no time to obtain a warrant.[2]

■ Obedient to the recent dictates of the Supreme Court in McCray v. State of Illinois, 1967, 386 U.S. 300, 87 S.Ct. 1474, 18 L.Ed.2d 62 (decided Mar. 20, 1967), we affirm the district court's finding that the tip from the known and reliable informant, coupled with the information supplied by the Mexican police authorities, constituted probable cause for a search of the vehicle. The testimony elicited both at the trial and at the hearing to suppress evidence supports the Government's position that there was no time to obtain a warrant to search the vehicle.

■ Appellant contends that his detention prior to the search was an unlawful arrest and thereby tainted Pride's subsequent search. If an arrest was made prior to the search, it was based on probable cause.[3] We note that even if there were no probable cause to arrest appellant prior to the search, the detention was proper and necessary in order to conduct the search. As the district court pointed out, if Pride had not taken the appellant and his family to the nearby police station, he would have been forced "to handcuff the defendant to one bumper and his wife to another one. That would have left this little 20 month old child running around out there on the road in the dark, with a man in civilian clothes with two pistols on going through the car. That country is not like some other place where people are known just to pass up some situation where it looks like a hi-jacking or some other serious crime is taking place. Certainly, the officer could not have handled the child while making the search, with the mother handcuffed to one bumper and the father handcuffed to the other."

We agree with the district court that the agent acted in a reasonable and decent manner, considering the welfare of the child and pregnant woman. We further observe that the search was commenced within thirty minutes after the initial stop of the automobile. Under the circumstances, we cannot find that this detention at police headquarters tainted the subsequent search.[4]

We note that Customs Agents conducted the search in this case, and that Congress has given such agents special authority to conduct border searches on mere suspicion. 19 U.S.C. § 482. Since we hold that there was probable cause for a search in any case, we do not reach the question whether this was a valid border search.

■■ We find that the evidence introduced at the trial was sufficient to support the conviction. Section 176a of Title 21 U.S.C.A. provides:

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana

---

1. Contraband is defined in 49 U.S.C.A. § 781.

2. Carroll v. United States, 1925, 267 U.S. 132, 154, 45 S.Ct. 280, 69 L.Ed. 543; accord, Brinegar v. United States, 1949, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; see Armada v. United States, 5 Cir. 1963, 319 F.2d 793.

3. See Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

4. It should also be noted that the search was based on probable cause and not incident to an arrest. The Government learned of the evidence "from an independent source," Silverthorne Lumber Co. v. United States, 1920, 251 U.S. 385, 392, 40 S.Ct. 182, 64 L.Ed. 319, and not as the result of unlawful conduct on the part of Government agents.

in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

The presumption codified in this statute was not overcome by the appellant.[5]

Affirmed.

---

5. See Borne v. United States, 5 Cir. 1964, 332 F.2d 565. Cf. Thomas v. United States, 5 Cir. 1967, 372 F.2d 252, up- holding similar language found in 21 U.S. C.A. § 174.