445 P.2d 587

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Francisco ROMERO, a/k/a Frank Talavera, Defendant-Appellant.**

**No. 94.**

Court of Appeals of New Mexico.

Sept. 13, 1968.

Benjamin M. Sherman, Deming, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

ARMIJO, Judge.

Francisco Romero was convicted of the crime of possession of marijuana contrary to § 54–7–13, N.M.S.A. 1953. From judgment imposing sentence he appeals. Appellant offered no testimony and the following relevant facts were established by the evidence and testimony presented by the state.

In December 1966, an undercover officer of the New Mexico State Police while pretending to be a narcotic user was investigating illegal narcotic traffic in the Lordsburg area at which time he was introduced to appellant. Appellant took the officer into his confidence and made several unsuccessful efforts to obtain marijuana for him.

On January 25, 1967, the officer again went to Lordsburg and in the company of two informers one of whom was an acquaintance of appellant, went to appellant's residence. Appellant offered to obtain marijuana for them; he joined them and gave directions to another residence. On arrival at this residence appellant asked the officer for money. The officer complied and appellant used this money to make a purchase of four cigarettes. After driving away appellant handed one cigarette to the officer and one to each of the informers. He retained the fourth which he and one other person fully consumed. One complete cigarette and portions of two others were preserved. These were analyzed, found

to contain marijuana and were later received in evidence during trial.

As grounds for relief appellant asserts that he was the victim of entrapment, that he never had possession of marijuana and that since no proof was offered of the ingredients of a cigarette which he smoked, the evidence was insufficient to support a conviction.

■ Under proper circumstances, entrapment is a valid defense to criminal prosecution. State v. Akin, 75 N.M. 308, 404 P.2d 134 (1965).

■ As pointed out by appellant, an officer is not to initiate the criminal act, or to use undue persuasion or enticement to induce another to commit a crime, when without such conduct by the officer the other would not have committed the crime. State v. Roybal, 65 N.M. 342, 337 P.2d 406, (1959).

■ The evidence in this case supports a finding that there was no entrapment.

The officer testified as to what happened when he arrived at appellant's residence:

"A. Well, when we arrived at the residence of the Defendant, at that time he came into the vehicle and we exchanged greetings and salutations. He stated that it was a good thing we had come back because he could get us some marijuana now. Therefore, [sic] he got into the vehicle and our general conversation, aside from the greetings, was that we were going to obtain it. * * *"

From the foregoing it is evident appellant volunteered to obtain marijuana and this supports a conclusion that he initiated the events which resulted in his commission of the offense.

■ There can be no entrapment when the accused himself initiates the unlawful act. See Borne v. United States, 332 F.2d 565 (5th Cir. 1964); Gonzales v. United States, 251 F.2d 298 (9th Cir. 1958); People v. Barone, 250 Cal.App.2d 776, 58 Cal.Rptr. 783 (1967); cert. denied, 389 U.S. 940, 88 S.Ct. 302, 19 L.Ed.2d 294; People v. Hicks, 222 Cal.App.2d 265, 35 Cal.Rptr. 149 (1963).

■ The jury was instructed on the defense of entrapment at appellant's request. We think he was not entitled to such an instruction under the facts of the case. State v. Garcia, 79 N.M. 367, 443 P.2d 860, decided July 22, 1968; State v. Roybal, supra; State v. Akin, supra.

In any event, appellant received the benefit of having the jury pass on that issue.

The next issue raised by appellant is directed to the sufficiency of the evidence. He claims the evidence failed to establish beyond a reasonable doubt that he had the possession which the law requires.

By his argument appellant implies that at most he was an agent or occupied such a position as would exclude his having possession in the sense required by statute. The court without objection, instructed the jury on the issue of possession as follows:

"Within the meaning of the law, a person is in possession of a narcotic drug, marijuana, when it is under his dominion and control, and, to his knowledge either is carried on his person or is in his presence and custody, or, if not on his person or in his presense, the possession thereof is immediate, accessible, and exclusive to him.

"In order for the Defendant to have in his possession a narcotic drug, marijuana, within the meaning of the statute, you must be convinced by the evidence and beyond a reasonable doubt that he knowingly had such narcotic drug, marijuana, in his possession, with knowledge of the narcotic nature thereof at the time of such possession.

"In determining whether or not a Defendant, knowingly had a narcotic drug, marijuana, in his possession, with knowledge of the narcotic nature thereof at the time of such possession you may consider all the facts in evidence and every reasonable inference that may be drawn from such facts."

■ Appellant's acts of purchasing the cigarettes, receiving actual delivery thereof and then distributing them in the manner earlier outlined, amply support the conclusion that he had marijuana in his possession, as such term was defined in the instructions. Compare State v. Giddings, 67 N.M. 87, 352 P.2d 1003 (1960) and State v. Akin, supra.

■ Finally, appellant claims that because no evidence was introduced relating to the substance comprising the cigarette which he smoked that the record is totally lacking in evidence to support his conviction. This argument must fail because such evidence was not necessary for a conviction. As earlier noted, appellant had possession of four cigarettes; of these, three were found to contain marijuana, nothing more was required to support the jury's verdict. We do not imply that the jury could not infer from the facts before it that the consumed cigarette contained similar narcotic substance.

■ As was stated in State v. Jones, 39 N.M. 395, 48 P.2d 403 (1935):

"An inference is merely a logical deduction from facts and evidence."

See Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625 (1967); Gray v. E. J. Longyear Co., 78 N.M. 161, 429 P.2d 359 (1967); Bolt v. Davis, 70 N.M. 449, 374 P.2d 648 (1962).

Finding no error, the judgment of the district court is affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.