This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.          **NO. 28,996**

**ERNESTO RODRIGUEZ ORDUNEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

# MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals his convictions for aggravated assault and bribery of a witness (threats). In our third notice—issued after we granted the State's motion for rehearing—we proposed to affirm the convictions. Defendant has filed a memorandum in opposition, along with a motion to accept as timely filed. We grant the motion. We are not persuaded by the arguments made by Defendant in his memorandum opposing our notice. Therefore, we affirm the convictions.

In our third notice, we proposed to affirm Defendant's first two issues based on the reasons stated in our first and second calendar notices. Defendant does not contest those issues in his memorandum in opposition. Therefore, we affirm for the reasons stated in those notices.

Upon the State's motion for rehearing, we proposed to conclude that there was sufficient evidence to support the conviction for intimidation of a witness. Defendant had argued that a letter written in 2006 could not support a charge that intimidation occurred in 2007. We explained that the letter showed Defendant's intent to prevent the victim from testifying against him and that the vehicle ramming incident, which forms the basis of the 2007 charges, was a continuation of intimidation against the victim. We proposed to conclude that a reasonable jury could find that the vehicle

ramming incident was intended as a further threat against the victim.

Defendant has responded that our proposal is based on the State's arguments rather than direct evidence that the vehicle incident was intimidation of a witness. There is no requirement that evidence to support a conviction be direct evidence. Sufficient evidence can be based on reasonable inferences drawn from both direct and circumstantial evidence. "An inference is merely a logical deduction from facts and evidence." *See State v. Romero*, 79 N.M. 522, 524, 445 P.2d 587, 589 (Ct. App. 1968) (internal quotation marks and citation omitted).

Here, the jury was presented with evidence that Defendant had previously threatened the victim by letter in relation to her testimony in a case involving Defendant. There was evidence that when next the victim saw the Defendant, an altercation ensued in which Defendant swerved his vehicle at the vehicle that she was driving. Based on the evidence of prior threats, the jury could reasonably infer that Defendant's use of his vehicle against the victim was a continuation of the threats and intimidation of her. We conclude that the evidence was sufficient to support the conviction for bribery of a witness (threats).

For the reasons stated herein and in the calendar notices, we affirm the convictions.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**