This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                    **NO. 34,761**

**BOBBY KENTON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael E. Martinez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellant Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Defendant appeals from the order revoking his probation. This Court issued a

notice of proposed disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2} Defendant asserts that the district court abused its discretion in revoking his probation where insufficient evidence existed to support a violation. *State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321 ("We review the trial court's decision to revoke probation under an abuse of discretion."). In this Court's calendar notice, we proposed to conclude that there was sufficient evidence to establish by a reasonable certainty that Defendant violated his probation by failing to report to his probation officer and by violating state law. [CN 4] Specifically, we proposed to conclude that there was sufficient evidence to support the district court's determination that Defendant violated Condition 2 of his probation by failing to report when Defendant absconded for a period of 45 days. Additionally, we proposed to conclude that there was sufficient evidence to support the district court's conclusion that Defendant violated Condition 1 of his probation when he violated state law by concealing his identity when he gave officers false information. [CN 4]

{3} In response to this Court's notice of proposed disposition, Defendant contends that the State failed to establish that Defendant's violations were willful. Defendant

contends that "[b]ecause [he] failed to comply with the reporting requirement due to factors beyond his control, he established that he did not *willfully* fail to report on December 26, 2014[, and h]is failure to report could not[,] therefore[,] form the basis for a probation revocation." [MIO 6] Defendant asserts that "if violation of probation is not willful . . . probation may not be revoked." [MIO 5 (citing *In re Bruno R.*, 2003-NMCA-057, ¶ 13, 133 N.M. 566, 66 P.3d 339)]

{4}     We acknowledge that willful conduct is a requisite. However, as we have previously stated, "[o]nce the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence [to show that his non-compliance] was not willful." *State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M. 123, 717 P.2d 99; *see Martinez*, 1989-NMCA-036, ¶ 8 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control). "[I]f [the] defendant fails to carry his burden, then the trial court is within its discretion in revoking [the defendant's probation]." *Martinez*, 1989-NMCA-036, ¶ 8.

{5}     In the present case, Defendant missed his meeting with his probation officer on December 26, 2014. Defendant asserts that he was hospitalized on December 26, 2014, but that he was released the same day. [MIO 3] Defendant asserts that,

afterwards, he attempted to report to the Adult Probation Office, but the office had moved. [MIO 3] An officer testified that the address for the new office was posted at the old location. [Id.] Moreover, Defendant failed to check in for 45 days and was eventually picked up by police. [Amended DS 3–4] Based on these facts, we conclude that the evidence was sufficient to give rise to a reasonable inference that Defendant willfully failed to report. *See generally State v. Romero*, 1968-NMCA-078, ¶ 17, 79 N.M. 522, 445 P.2d 587 ("An inference is merely a logical deduction from facts and evidence." (internal quotation marks and citation omitted)).

**{6}** To the extent Defendant contends that the failure to report was based on "factors beyond his control," this Court's decision in *Martinez* supports affirmance. In *Martinez*, the defendant alleged that he was unable to meet the probation requirement that he inform his probation officer of a new arrest within 72 hours, due to factors outside his control. There, the defendant was arrested at the beginning of a long weekend, asked about contacting his probation officer and was told his probation officer had already left, did not ask his public defender to contact his probation officer days later, and never notified his probation officer of his arrest. *See Martinez*, 1989-NMCA-036, ¶ 6. This Court, in *Martinez*, concluded that "the evidence does not support [the] defendant's argument that this failure was through no fault of his own[,]"

*id.* ¶ 9, where the defendant was unable to reach his probation officer initially but failed to avail himself of the opportunity to inform his probation officer once the opportunity presented itself. Similarly, in the present case, Defendant being in the hospital on the day of the meeting and discovering that the probation office had moved does not account for the 45 days in which Defendant failed to report to his probation officer. Thus, similar to this Court's decision in *Martinez*, the evidence supports a conclusion that the reasons for the violation were not out of Defendant's control, and, therefore, the district court could properly conclude that Defendant willfully violated his probation.

{7}     Finally, to the extent Defendant contends that revocation was not proper because "the record does not establish if [the notice of change in address] was adequately visible at the old office," **[MIO 7]** we conclude that the State had satisfied its burden by demonstrating "a breach of a material condition of probation," and, thus, it was Defendant's obligation to come forward with such evidence to demonstrate that his non-compliance "was not willful." *See Parsons*, 1986-NMCA-027, ¶ 25. Therefore, the lack of such information in the record does not persuade us that revocation was not proper.

**{8}** Thus, for the reasons stated above and in this Court's notice of proposed disposition, we conclude that there was sufficient evidence to support the district court's determination that Defendant violated Condition 2 of his probation agreement. Given that, as Defendant acknowledges, this Court may affirm the revocation if there is sufficient evidence supporting just one violation, *see State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493, we do not address Defendant's violation of Condition 1 of his probation. Accordingly, we affirm the revocation of Defendant's probation.

**{9}** **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**LINDA M. VANZI, Judge**

6