This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41321**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**TOMAH GARNIER,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief in the above-entitled cause pursuant to Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order in In re Pilot Project for Criminal Appeals, No. 2022-002, we affirm for the following reasons.

**BACKGROUND**

**{2}** In March 2022, Defendant pled no contest to trafficking a controlled substance. [BIC 2; RP 127-32] He was sentenced to a five-year term of probation, less presentence confinement credit, in lieu of nine years of incarceration. [BIC 2; RP 134-35] A few months after Defendant was released the State filed a motion to revoke. [BIC 2; RP 143-46] Defendant admitted the violations, and the district court continued his probation. [BIC 2; RP 152, 154-55] However, Defendant was specifically required to enter, participate in, and complete the Hoy Recovery treatment program. [BIC 2; RP 158] Several weeks later the State filed another motion to revoke, alleging that Defendant had violated the terms and conditions of his probation by possessing alcohol and failing to complete the court ordered treatment program. [BIC 2-3; RP 159-62, 170-73]

**{3}** At the ensuing hearing Defendant's probation officer was the State's only witness. [BIC 3] He testified that Defendant had failed to complete the inpatient treatment program at Hoy Recovery. [BIC 4; RP 180-81] Defendant then testified on his own behalf. [BIC 4] He admitted that he had been discharged from the sixty day program after fifteen days. [BIC 5; RP 182] Although he claimed that he did not know why this had occurred, Defendant indicated that he had conflict with staff at Hoy Recovery, he expressed his belief that he was not wanted there, and he suggested that he had not received proper treatment. [BIC 4; RP 181-82] Upon further inquiry Defendant also testified about an incident that occurred immediately prior to his discharge. He acknowledged that he had taken a container of "hooch," a substance that he vaguely described as an alcoholic beverage made from fruit, from his room and placed it in a common area at the recovery center. [BIC 5-6; RP 182-83] Although he claimed that the substance had belonged to a previously-discharged roommate and that he had only sought to distance himself from it, Defendant also ultimately recognized that possession of alcohol was a probation violation. [BIC 5-6; RP 182-83] At the conclusion of the evidentiary hearing the district court announced its determination that Defendant had willfully violated the terms and conditions of his probation by failing to complete the treatment program as ordered, and indicated that Defendant's probation would be revoked. [RP 184]

**{4}** Defendant filed a motion for reconsideration, renewing his argument that the evidence was insufficient to establish either that he had been in possession of alcohol or that his willful misconduct had precipitated his discharge from the Hoy Recovery Center. [BIC 8; RP 188-90, 198] Defendant further argued that absent the testimony of an individual from the center with firsthand knowledge that he had been discharged for misconduct or evidence establishing that the substance he had placed in the common area was actually alcohol, the district court's "assumption" that there had been a willful violation was unfounded and violated his due process rights. [BIC 8-9; RP 198] The State responded in opposition, arguing that Defendant's own testimony was sufficient to establish that he had placed "hooch," a substance designed to be alcoholic in nature, in a central area in the treatment facility, which would support rational inferences that he was in possession of alcohol and that his willful misconduct had resulted in his discharge from the treatment program. [BIC 9; RP 198] After hearing the arguments of

counsel, the district court concluded that Defendant's testimony supported a reasonable inference that Defendant had been discharged from the program for putting "hooch" in a common area, which was sufficient to establish that Defendant's failure to successfully complete the program was willful. [BIC 10; RP 198-99] Accordingly, the motion for reconsideration was denied. [BIC 10; RP 199]

{5}     On appeal Defendant raises two issues, challenging both the sufficiency of the evidence to establish a willful violation of the terms and conditions of his probation, [BIC 11-15] and the violation of his constitutional right to due process of law. [BIC 16-25] We address each in turn.

## DISCUSSION

### I.     Sufficiency of the Evidence

{6}     "Proof of a probation violation need not be established beyond a reasonable doubt." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. "Instead, the evidentiary standard is that the violation must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *Id.* In this context, we must examine the evidence in the light most favorable to the district court's ruling. *See State v. Trevor M.*, 2015-NMCA-009, ¶ 14, 341 P.3d 25. We indulge all reasonable inferences to uphold the underlying disposition. *See generally In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N.M. 566, 66 P.3d 339 (stating that we indulge all reasonable inferences to uphold a finding that there was sufficient evidence of a probation violation). Ultimately, "if there is sufficient evidence to support just one violation, we will find the district court's order was proper." *State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493.

{7}     As previously described, the evidence unquestionably established that Defendant failed to successfully complete the treatment program at Hoy Recovery as required. "[O]nce the state establishes to a reasonable certainty that the defendant violated probation, a reasonable inference arises that the defendant did so willfully, and it is then the defendant's burden to show that failure to comply was either not willful or that he or she had a lawful excuse." *State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843, *rev'd on other grounds*, 2020-NMSC-004, 457 P.3d 249.

{8}     Defendant sought to satisfy his burden through his own testimony that he received unfair treatment, and by characterizing his act of placing "hooch" in a common area as an effort to distance himself from contraband that his roommate had left behind. [RP 181-82] Although these might have been regarded as mitigating circumstances if the district court had found Defendant to be credible, the district court was not required to take Defendant's testimony at face value. *See generally State v. Trujillo*, 2002-NMSC-005, ¶ 31, 131 N.M. 709, 42 P.3d 814 (observing that a fact-finder may reject the defendant's version of an incident). The record reflects that the district court perceived Defendant to be disingenuous. [RP 184] We will not second-guess its assessment, or the reasonable inferences that it ultimately drew. *See In re Bruno R.*, 2003-NMCA-057,

¶ 9 (stating that we indulge all reasonable inferences to uphold a finding that there was sufficient evidence of a probation violation).

**{9}** As previously indicated, we must view the evidence in the light most favorable to the disposition rendered below. *Trevor M.*, 2015-NMCA-009, ¶ 14. Applying this standard, we conclude that district court's determination that Defendant's unsatisfactory discharge from the Hoy Recovery treatment program constituted a willful violation of the terms and conditions of his probation is adequately supported by the evidence, including the reasonable inferences drawn therefrom.

**{10}** We understand Defendant to further contend that his violation of the condition prohibiting the possession of alcohol was not proven in the absence of testimony or other evidence definitively establishing the alcoholic nature of the "hooch." [BIC 14-15] Given the sufficiency of the evidence to establish the violation discussed above, it is not strictly necessary to address this contention. *See Leon* 2013-NMCA-011, ¶ 37 (holding that probation revocations are to be upheld "if there is sufficient evidence to support just one [probation] violation"). Nevertheless, Defendant's acknowledgment that the substance was "designed to be alcoholic" [BIC 5, 9; RP 183] supports a reasonable inference that it was in fact alcoholic. *See generally State v. Romero*, 1968-NMCA-078, ¶ 17, 79 N.M. 522, 445 P.2d 587 (observing that an inference is merely a logical deduction from facts and evidence). Although the vagueness of Defendant testimony could have undermined its probative value, it could also be regarded as a deliberate effort to project naiveté or deflect responsibility. The latter view must be indulged on appeal, particularly insofar as the district court found Defendant's testimony to be disingenuous. [RP 184] *See generally State v. Ortiz*, 2017-NMCA-006, ¶ 24, 387 P.3d 323 ("We will not second guess the fact-finder's decision concerning the credibility of witnesses or substitute our judgment for that of the fact-finder."); *In re Bruno R.*, 2003-NMCA-057, ¶ 9 (stating that we indulge all reasonable inferences to uphold a finding that there was sufficient evidence of a probation violation).

**{11}** In light of the foregoing, we reject Defendant's challenge to the sufficiency of the evidence to establish his willful violation of the terms and conditions of his probation.

## II.    Due Process

**{12}** Defendant further contends that the district court's failure to guarantee his right to confront and cross-examine violated his right to due process. [BIC 16-25]

**{13}** "Because loss of probation is loss of only conditional liberty, the full panoply of rights due a defendant in a criminal trial do not apply." *State v. Guthrie*, 2011-NMSC-014, ¶ 10, 150 N.M. 84, 257 P.3d 904 (alterations, internal quotation marks, and citation omitted). "The right protected in probation revocation [ cases] is not the [S]ixth [A]mendment right to confrontation, guaranteed every accused in a criminal trial, but rather the more generally worded right to due process of law secured by the [F]ourteenth [A]mendment." *Id.* ¶ 12. Whether Defendant was afforded due process is subject to de novo review. *See id.* ¶ 22.

**{14}** Among the components of due process is the right to confront and cross-examine adverse witnesses, unless there is good cause for not allowing confrontation within the meaning of the Fourteenth Amendment. *Id.* ¶ 12. Our analysis of good cause for not allowing confrontation is "a kind of spectrum or sliding scale" that balances competing interests in deciding whether confrontation is a procedural protection that the particular situation demands. *See id.* ¶¶ 12, 33, 40. The end of the spectrum *not* requiring confrontation includes situations in which the state's evidence is uncontested, as well as situations in which the evidence concerns objective, routine, or negative facts, making the credibility of the witness less relevant. *Id.* ¶ 40. "On this side of the good-cause spectrum, live testimony and cross-examination offer almost no utility to the fact-finding process." *Id.*

**{15}** In *Guthrie*, as in this case, a probationer's failure to complete a mandatory inpatient treatment program was at issue. Our Supreme Court ultimately concluded that the state was not required to call an individual from the treatment program to testify to the "objective, negative, and rather routine fact" that the probationer had failed to complete the program. *Id.* ¶ 46. In so ruling, the Court repeatedly relied on the fact that the probationer's noncompliance was undisputed. *See id.* ¶¶ 17, 34, 45, 48.

**{16}** Similar to *Guthrie*, uncontroverted evidence was presented in this case establishing Defendant's unsatisfactory discharge from a court ordered treatment program. While this testimony was obviously central to the reasons for revocation, it was of an objective fact. Though Defendant suggests that the specific basis for his unsatisfactory discharge involves subjective facts surrounding his behavior at the facility, [BIC 23-24] the ultimate fact that he was unsatisfactorily discharged from the treatment program remains an objective one. Accordingly, we conclude that good cause supports the district court's decision to allow this testimony, and thus Defendant's due process rights were not violated thereby. *See id.* ¶¶ 1, 45 (concluding that the testimony of the defendant's probation officer as to the defendant's failure to complete treatment program was proper because the testimony involved a fact that was not contested and easily and reliably established).

**{17}** Defendant further contends that the absence of testimony from any Hoy Recovery staff member describing the precise basis for his unsatisfactory discharge from the program violated due process. [BIC 16, 24-25] However, Defendant made no apparent effort to procure such testimony. If Defendant believed that staff members from Hoy Recovery had exculpatory information, he could have subpoenaed them; this he did not do. [RP 184] Under the circumstances, we perceive no basis for the due process argument. *See, e.g.*, *State v. Trujillo*, 2012-NMCA-092, ¶¶ 8-13, 287 P.3d 344 (rejecting a similar due process claim under analogous circumstances). We therefore reject the challenge.

**CONCLUSION**

**{18}** In light of the foregoing considerations, we uphold the revocation of Defendant's probation.

**{19}** IT IS SO ORDERED.

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**